## NATIONAL AID LIFE ASS'N v. ALEXANDER et al.

### No. 10452.

Court of Civil Appeals of Texas. Galveston.

Jan. 6, 1938.

Rehearing Denied Feb. 3, 1938.

Snyder, Owen & Lybrand, of Oklahoma City, Okl., and Adams & Adams, of Crockett, for appellant.

Kennedy & Granberry, of Crockett, for appellees.

GRAVES, Justice.

This appeal is from a judgment for $1,008, entered by the district court of Houston county in favor of the appellees and against the appellant, in response to the verdict of a jury in answering special issues of fact, wherein they found: (1) That Mrs. Rena Lovell—the insured named in the benefit certificate or insurance policy herein sued upon, against the appellant —was in good health at the time she made application to the Home Benefit Association No. 6, of Cherokee county, at Alto, Tex.; (2) that Mrs. Lovell had stated her age correctly when she made that application to the Home Benefit Association No. 6 at Alto.

The record discloses that both sides below had objected to this submission as being an improper one of the fact issues involved in the controversy, but appellant only prosecuted its dissatisfaction therewith to this court.

The appellees heretofore presented their motion to strike the appellant's brief, on the contention that it was in violation of the rules, particularly Nos. 30 and 36, and urging that its propositions of law were all mere abstractions not shown to have been germane to any assignment of error duly presented.

That motion was taken for consideration with the cause itself, has been carefully

considered along with all other phases of the litigation, and is herewith now overruled upon the conclusion that, although a number of the propositions in the brief do appear to be abstractions as claimed, yet, when taken as a whole, it does reasonably present the errors urged for correction—especially those upon which this court determines the appeal should be disposed of.

The authorities for their motion, upon which the appellees relied, in so far as applicable to analogous facts to those here obtaining, all antedate amendments to R. S. arts. 1757 and 1846, which prescribe the governing rules applicable here.

Among other assignments it is not deemed needful to discuss, appellant ably urges these two major propositions upon its appeal: (1) That its motion duly presented to the trial court for the privilege of opening and closing the arguments to the jury should have been granted; (2) that its objection to the manner and form of the submission of special issue No. 2 to the jury should also have been upheld.

█ Both of these contentions are sustained. As concerns the first of them, R.S. art. 2183, upon which its request to open and close the arguments was based, expressly conferred that privilege upon a litigant in the same position appellant was in here—that is, it had the burden of proof on the whole case as submitted to the jury by the trial court in the two special issues set out supra—the first being whether or not Mrs. Lovell was in good health at the time she made her application for the insurance at Alto, and the second whether or not she had then correctly stated her age in doing so; this for the obvious reason that these two inquiries merely reflected special defenses appellant had set up to the claim of liability against it on the certificate or policy sued upon, albeit the second issue did not proffer precisely what it claimed the ultimate issue in that respect to be, hence it carried the burden of proof thereon.

The trial court and opposing litigants appear to have misconstrued the procedure invoked under this motion, mistaking it for that prescribed under district court rule No. 31, which, as applicable to the particular circumstances here, would have involved an admission on appellant's part that the appellees had a good cause of action against it and which was only invokable before the trial on the evidence began, neither of which prerequisite conditions existed in this instance; on the contrary, as intimated supra, this motion was made in strict compliance with the provisions only of R.S. art. 2183, was presented to the court after the evidence had been concluded, as well as after the court had prepared and read his charge to the jury, but before the argument had begun; whereas, the authorities cited by the appellees in support of the court's refusal of appellant's motion apparently had to do with instances where the parties were seeking the right not only to open the argument, but the evidence as well, as prescribed in district court rule No. 31, and not in R.S. art. 2183, upon which alone this motion was grounded.

Appellant's second presentment reiterates the attack it made in the trial court upon special issue No. 2 as submitted, which in haec verba was this: "Question II: Do you find from a preponderance of the evidence that Mrs. Rena Lovell stated her age correctly when she made application to the Home Benefit Association No. 6, of Cherokee County, at Alto, Texas? Answer Yes, or No."

█ What it had specially pled and offered proof to support upon this feature, and as to which it had the burden of proof, as recited supra, was that Mrs. Lovell had not in fact been only 39 years of age at the time she made her application to the Home Benefit Association No. 6 at Alto, but had been 43 years of age at that time instead—not that she had not correctly stated or reported her age when she made that application—wherefore the quoted question to the jury had not properly presented the issue raised in that respect by the pleadings and proof; in consequence of which the wording used by the trial court had been confusing to the jury. Since an examination of the pleadings and evidence relating to the matter, as well as the objections urged upon the court at the time, confirms this factual basis for the position thus taken, it is held to be sound under our authorities. 41 Tex.Jur. pp. 1027, 1028, 1029, 1041, 1090.

Appellant did not at any time, as shown by its specially worded pleadings, admit liability to the appellees upon the certificate sued upon, "unless it was correct in its contentions as to insured's health and age when she made her original application," as appellees insist, nor indeed in any other contingencies, but throughout the trial

274

insisted that all the statements made by and for the insured in the application for a procurement of the certificate sued on had been warranties, which had in fact been breached by untruthful statements; wherefore, that no binding contract of insurance had ever in fact existed between her and it:

But further discussion is forborne, since the conclusions already stated determine the merits of the appeal and require a reversal of the judgment; that order will be entered.

Reversed and remanded.

PLEASANTS, C. J., absent.