## MUSSLEWHITE v. ALLEN.

### No. 10823.

Court of Civil Appeals of Texas. Galveston.

April 13, 1939.

Lewright, Dyer & Sorrell, of Corpus Christi, for appellant.

L. W. Pollard and O. H. Middlebrooks, both of Rosenberg, for appellee.

CODY, Justice.

This is a plea of 'privilege case, and is a companion case to C. E. Musslewhite v. A. N. Vos, 127 S.W.2d 969, cause No. 10824 on the docket of this court, opinion in which is this day handed down.

The appellee in this case is the widow of Ray Allen who was the driver of the truck in which Vos was riding and which collided with the truck of appellant, as has been detailed in our opinion this day delivered in aforesaid cause No. 10824. As a result of the collision Ray Allen was killed. But in the trial of the instant case, different from the Vos case, appellant produced the driver of his truck as a witness, and had him testify, and the case was submitted to the jury on special issues. The only assignment of error urged on this appeal is that the court declined to give the charge requested by appellant on circumstantial evidence. Such refusal was not error.

While it is true that appellee had to rely on circumstantial evidence to make out her case, and under authorities cited by appellant, she had the right to have the court instruct the jury that they might consider that character of evidence in determining this issue; it does not follow that the converse of this is true, and appellant frankly concedes that he has been unable to find any authority sustaining the converse. The rule under the authorities aforesaid is for the benefit of the party forced to rely on circumstantial evidence. Appellant did not rely on circumstantial evidence in making his defense, but upon the testimony of an eyewitness. It seems to us that for the court to have commented on the obvious fact appellee was relying on circumstantial evidence in this case, over her objection, would have amounted, under the circumstances of this case, to an adverse comment on the weight of the evidence. Indeed, "the rule seems to be well established in this state that, where a party relies upon circumstantial evidence to establish his cause of action, or his defense, it is only necessary that said fact be established to the satisfaction of the jury by a preponderance of the evidence, whether same be circumstantial or otherwise". Buro v. Home Benefit Ass'n, Tex. Civ.App., 28 S.W.2d 902, 905. The Court properly charged upon the preponderance

of the evidence, and this was all that appellant was entitled to. Appellant's assignment of error is overruled, and the judgment of the lower court is affirmed.

Judgment affirmed.