**NASS v. NASS.**

No. 12084.

Court of Civil Appeals of Texas. Galveston.

Oct. 13, 1949.

Rehearing Denied Nov. 3, 1949.

Randolph Pierson, William Stiglich, Fred W. Drummond, all of Galveston, Harry A. Nass and E. G. Bradley, both of San Antonio, for appellant.

Levy & Levy, of Galveston, for appellee.

MONTEITH, Chief Justice.

Appellant Gertrude A. Nass, the surviving sister of Frank J. Nass, deceased, filed an application in the County Court of Galveston County to probate an instrument dated March 28, 1945, as the last will and testament of Frank J. Nass. Appellee Mary Viola Nass, the surviving widow of Frank J. Nass, filed a contest to the probate of this instrument alleging that it had been revoked by a subsequent will dated January 3, 1947. She thereafter filed an application to probate the January 3, 1947 will as the last will and testament of Frank J. Nass, deceased. Appellant, Gertrude A.

Nass filed her contest to appellee's application to probate the will dated January 3, 1947, setting up as grounds for the contest allegations that the will was a forgery and that Frank J. Nass had lacked testamentary capacity, and that he had been subjected to undue influence at the time the will was executed. The trial in the county court resulted in judgment refusing to admit the March 28, 1945 will to probate and admitting to probate the January 3, 1947 will. Gertrude A. Nass appealed from this judgment to the district court of Galveston County.

In a trial in the district court a jury found, in answer to special issues submitted, that the January 3, 1947 will was signed by Frank J. Nass and that he was of sound mind at the time he signed said instrument. Judgment was rendered refusing the probate of the March 28, 1945 will and admitting the January 3, 1947 will to probate as the last will and testament of Frank J. Nass, deceased.

Under her first point of error, appellant complains of the alleged error of the trial court in refusing to give her special instructions Nos. 1, 2, and 3 wherein she requested charges that the signatures of Frank J. Nass on certain instruments introduced in evidence by appellant had been proven to be genuine to the satisfaction of the court, and her requested instructions upon circumstantial evidence and an instruction defining testamentary capacity.

These contentions cannot, we think, be sustained.

In reference to appellant's assignment as to the court's refusal to instruct the jury that the signatures of Frank J. Nass to the instruments which were introduced in evidence had been proven to be genuine the courts of this state have uniformly held that under Article 3737b, Vernon's Ann.Civ.St. art. 3737b, a trial court may admit in evidence certain instruments for the purpose of comparison with the signatures in issue when the court is satisfied as to the genuineness of the signatures introduced as a standard of comparison.

Article 3737b reads: "In the trial of any civil case, it shall be competent to give

evidence of handwriting by comparison, made by experts or by the jury. The standard of comparison offered in evidence must be proved to the satisfaction of the judge to be genuine before allowing same to be compared with the handwriting in dispute."

The question under consideration under this assignment was decided by the Supreme Court of this state in the case of Askins, Inc., v. Sparks, Tex.Civ.App., 56 S.W.2d 279, 281, writ refused. In that case the court said, "the rule now seems to be that signatures on papers not connected with the case may be received for the purpose of comparison with the signature in issue when the proffered signatures are shown to be genuine."

In the case of Alexander v. State, Tex. Civ.App., 115 S.W.2d 1122, the court, in passing on the genuineness of certain signatures introduced as a standard of comparison, held that it was obvious that the court was satisfied as to the genuineness of the signatures introduced as a standard of comparison otherwise they would not have been admitted.

In the instant case, appellant offered in evidence as standards of comparison, certain cancelled promissory notes and checks signed by the decedent.

The trial court held, in effect and, we think correctly, that said Article 3737b only authorized the trial court to pass on the genuineness of the signatures to the instruments to go before the jury in order that they might have a basis for comparing what was claimed to be his genuine signatures with signatures on the disputed will.

The evidence introduced by appellant as standards of comparison was before the jury and photostats of the signatures were exhibited to the jury during the trial. It was, we think, the province of the jury to compare the standards submitted in evidence with the signature on the disputed will and to conclude therefrom with other evidence introduced whether the testator signed the January 3, 1947 will.

Appellant's assignment to the action of the court in refusing to give its special instruction to the effect that it might consider such circumstantial evidence as might bear on the issues submitted and requesting an instruction defining circumstantial evidence, cannot be sustained.

This question was, we think, decided by the Supreme Court in the case of Johnson v. Zurich General Accident & Liability Insurance Co., 146 Tex. 232, 205 S.W.2d 353. In that case the court held that the trial court is not required on request to charge on circumstantial evidence in view of Texas Rules of Civil Procedure, Rule 277, and that to refuse such charge upon request is not error.

In the case of Larson et al. v. Ellison, Tex.Sup., 217 S.W.2d 420, 421, the Supreme Court reviewed and in approving the holding in the Johnson v. Zurich General Accident & Liability Insurance Co. case, supra, said " * * * the jurors as men of common sense and sound judgment would certainly have been at liberty, in arriving at a verdict, to make reasonable inferences from proven facts."

In the case of Musslewhite v. Allen, Tex. Civ.App., 127 S.W.2d 970, 971, this court held that "while it is true that appellee had to rely on circumstantial evidence to make out her case, and under the authorities cited by appellant, she had the right to have the court instruct the jury that they might consider that character of evidence in determining this issue; it does not follow that the converse of this was true, * * *".

In the instant case all the evidence offered by appellant on the issues submitted, circumstantial as well as direct, was submitted to the jury to be considered by it in answering the issues submitted.

Under her third point, appellant contends that the court erred in refusing her special instructions No. 3 defining "testamentary capacity". She alleged that all the essential elements of testamentary capacity to make a valid will were not included in the court's charge and definition of "sound mind".

The trial court's definition of "sound mind" given in connection with special issue No. 2 included "sufficient ability to understand the business in which he is engaged, the effect of his acts in making the

## 283

will, the capacity to know the objects of his bounty and their claims upon him, and the general nature and extent of his property."

Article 8281 of the Revised Statutes, Vernon's Ann.Civ.St. art. 8281, provides that every person " * * * being of sound mind, shall have power to make a last will * * *". Article 3348 of the Revised Statutes, Vernon's Ann.Civ. St. art. 3348, provides that before admitting a will to probate it must be proved to the satisfaction of the court that the testator was of sound mind.

The court's special issue No. 2 reads: "If you have answered Special Issue No. 1 'Yes', but not otherwise, then answer special issue No. 2.

"Special Issue No. 2

"Do you find from a preponderance of the evidence that the deceased, Frank J. Nass, was of sound mind (as that term is hereinafter defined) at the time he signed said instrument (if you have found that he signed same) of date January 3, 1947, and offered in evidence as his last will and testament?

"Instead of answering 'Yes' or 'No', let the form of your answer read: 'He was of sound mind' or 'He was not of sound mind.'

"By the term 'sound mind' is meant that the person making the will must, at the time the will is executed, have sufficient ability to understand the business in which he is engaged, the effect of his acts in making the will, the capacity to know the objects of his bounty and their claims upon him, and the general nature and extent of his property."

Appellant objected to this charge and requested the following instruction:

"To be a valid will, the person making it must have testamentary capacity at the time he executed it. By 'testamentary capacity' is meant that the testator must have been capable of understanding, and did understand and know, the nature of the business in which he was engaged, the nature and extent of his property, who were his friends, relatives and those near to him, the persons to whom he meant to devise and bequeath his property, the person dependent upon his bounty, and the mode of his distribution among them. That he must have had memory sufficient to collect in his mind the elements of the business to be transacted and to hold them long enough to perceive at least their obvious relation to each other, and be able to form a reasonable judgment as to them, and that he was not under the influence of an insane delusion, either in regard to his property or the nature and proper objects of his bounty, or any other matter which affected the disposition he was about to make.

"By 'insane delusion' is meant the belief of the existence of a state of supposed facts which no rational person would have believed."

▮ In the case of Rutherford v. Robbins, Tex.Com.App., 298 S.W. 549, the following charge was approved by the commission of appeals: "By the term 'testamentary capacity,' is meant that the person making the will must, at the time the will is executed, have sufficient ability to understand the business in which she is engaged, the effect of her acts in making the will, the capacity to know the objects of her bounty and their claims upon her, and the general nature and extent of her property."

The cases: Morris v. Morris, Tex.Com. App., 279 S.W. 806; Rodgers v. Fleming, Tex.Com.App., 3 S.W.2d 77; Stone v. Grainger, Tex.Civ.App., 66 S.W.2d 484; Prather v. McClelland, 76 Tex. 574, 13 S. W. 543; Kell v. Ross, Tex.Civ.App., 175 S.W. 752; Navarro v. Garcia, Tex.Civ. App., 172 S.W. 723; Rudersdorf v. Bowers, Tex.Civ.App., 112 S.W.2d 784 and Reiche v. Williams, Tex.Civ.App., 183 S.W. 2d 587, are in accord with the above decisions in holding that sound mind, as defined by the court is the same as testamentary capacity.

▮ Under her fourth point appellant contends that the trial court erred in refusing to submit her special issue No. 3 wherein she requested a finding as to whether the January 3, 1947 will was executed as a result of undue influence.

It is undisputed in the record that on January 3, 1947 the testator produced to Robert I. Cohen in his store the will of

January 3, 1947, stating that it was his last will and requested Mr. Cohen and a Mr. Zander to witness the will; that these three persons went to Mr. Cohen's office together and that Mr. Cohen asked Mr. Nass if that was the will he wanted to make and that the testator answered "Yes sir", and that "I am doing in this will what I want to do.".

There is no evidence in the record of any act by appellee to procure the execution of the January 3, 1947 will.

Appellee was not present at the time said will was executed and there is no evidence in the record that appellee or anyone for her suggested anything to testator concerning the making of the will, that she knew anything about his intention to make the will or did anything whatever to procure its execution. There was, therefore, we think, no error in the action of the trial court in refusing to submit the issue of undue influence to the jury.

■ Appellant's assignment requesting a finding as to whether Frank J. Nass intended for the instrument dated January 3, 1947 to take the place of the will dated March 28, 1945, cannot be sustained.

The January 3, 1947 will contains an express clause revoking any and all wills at any time theretofore made by testator.

Article 8285, Vernon's Annotated Civil Statutes provides that for a subsequent will to be effective in revoking a prior will it must be "executed with like formalities" required for the execution of wills.

It is undisputed that both wills were executed with all formalities required for the execution of wills.

The burden of establishing the March 28, 1945 will, was on appellant as a proponent thereof and the burden of establishing the January 3, 1947 will was on appellee, its proponent. The validity of the earlier will was not questioned. It was only contested on the ground that it was revoked by the subsequent will. Since appellant proved that the earlier will had not been revoked unless revoked by the subsequent will, the court therefore submitted the only controverted issue in the case, the signing and soundness of mind as to the execution of

the subsequent will and since the jury answered the two issues submitted in favor of appellee and there being no question as to other formalities, the validity of the second will was, we think, established and since it contains an express revocation clause and is a testamentary deposition it must be held, we think, to be the will of the deceased.

Under her sixth point appellant complains of the action of the trial court in refusing appellant the right to open and close the argument for the alleged reason that throughout the entire trial the court had imposed, and appellant had assumed the burden of proof.

■ In the instant case the two wills of testator were sought to be probated. Appellant sought the probate of the earlier will and appellee sought the probate of the subsequent will. Both applications are of like rank and dignity. The burden of proving and establishing the earlier will was on appellant and the burden of proving and establishing the subsequent will was on appellee. The court submitted only the two disputed issues relating to the subsequent will sought to be probated by appellee. Both of the issues were appellee's affirmative issues and the burden of proof and establishing same were, we think, properly placed upon her.

Rule 269, Texas Rules of Civil Procedure, provides in part that the "party having the burden of proof on the whole case, or on all matters which are submitted by the charge, whether upon special issues or otherwise, shall be entitled to open and conclude the argument."

In the case of Green v. Hewett, 54 Tex. Civ.App. 534, 118 S.W. 170, the facts are similar in all material respects to those in the instant case in that there were two applications for the probate of the will of the deceased. The two applications were consolidated in the lower court and the earlier will was admitted to probate. On appeal to the district court the two applications were again consolidated and again the earlier will was admitted. In the district court the proponent of the earlier will insisted that he had the right to open and close.

This privilege denied him and error assigned on that point. Court of Civil Appeals sustained the assignment and held that appellant, the proponent of the latter and subsequent will questioned because of alleged forgery had the right to open and close.

Finding no reversible error in the record, the judgment of the trial court must be in all things affirmed.

Affirmed.