**TRICE et ux. v. STAMFORD BUILDERS SUPPLY.**

**No. 2926.**

Court of Civil Appeals of Texas. Eastland.

April 11, 1952.

T. R. Odell, Lubbock, for appellants.

Ratliff & Ratliff, Haskell, for appellee.

LONG, Justice.

Stamford Builders Supply instituted this suit against W. P. Trice and wife, in trespass to try title to 18 lots situated in the Tandy and Pinkerton Addition to the Town of Haskell, Texas. Defendants answered by a plea of not guilty and specially plead the ten year statute of limitation. On a jury verdict, judgment was entered in favor of plaintiff for the title and possession of the land and premises in controversy. Defendants have appealed.

Appellee objects to the consideration of appellants' points and assignments of error contained in the amended motion for a new trial for the reason that said motion was not filed and acted upon until after the expiration of the term of court at which judgment was entered and there was no order of the court permitting the filing of such amended motion and no order passing or postponing any original motion for a new trial to any specified date and no written agreement of the parties postponing any hearing thereon to any later date. The

district court of Haskell County has continuous terms and the filing and hearing of motions for new trials is governed by Rule 330, subdivisions (j) and (k), Vernon's Texas Rules of Civil Procedure. The term of court at which this cause was tried commenced April 16, 1951 and terminated September 22, 1951. The cause was tried on September 11, 1951. The judgment was rendered, signed and entered September 20, 1951. No original motion for new trial appears in the transcript but an amended motion was filed September 29, 1951 and the order overruling same was entered October 3, 1951, both after the general term of the court had expired.

Under R.C.P. 330, if no motion for new trial had been filed, the judgment in the case would not have become final until after the expiration of 30 days after the date of the judgment. Appellants had ten days after the rendition of the judgment in which to file a motion for new trial and that regardless of when the general term of the court ended. The amended motion filed on September 29, 1951, was within the ten day period permitted under the rules after the judgment was rendered. The order of the court overruling the motion on October 3, 1951, was well within the time provided in the rule. The appellants were within their rights in filing the motion after the general term of court had expired. The court still had control of the judgment at the time the order was entered overruling the motion. It was unnecessary for the court to enter an order passing or postponing a hearing upon the motion and it was further unnecessary that a written agreement be entered into between the parties with reference thereto. Insurors Indemnity & Ins. Co. v. Associated Indemnity Corporation, 139 Tex. 286, 162 S.W.2d 666; Gillette Motor Transport Co., Inc., v. Wichita Falls & Southern R. Co., Tex.Civ.App., 170 S.W. 2d 629; Alexander Motor Co. v. Pruitt, Tex.Civ.App., 198 S.W.2d 947.

Appellee also contends that appellants have not complied with the rules with reference to the points of error set out in their brief. Appellee contends that the points are too general and do not refer to any ground of error set up in the motion for new trial. We have concluded that, although the points in appellants' brief do not comply in every respect with the rule that they are sufficient when read in connection with the statement and argument under each point to direct our attention to the matters complained of therein. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478.

Before any evidence was introduced the attorneys representing the parties entered into the following stipulations and agreement:

"Now comes the plaintiff and the defendants, by their respective undersigned attorneys of record, and agree as follows respecting the title to the property involved in this action.

"(1) Agreed by the parties that the Peter Allen Survey No. 140, Abstract No. 2, of which the land in controversy is a part, was duly patented by the State of Texas to the heirs of Peter Allen.

"(2) Agreed by the parties that Stamford Builders Supply holds the record title to the lands in controversy and is entitled to recover the title and possession unless the defendants, W. P. Trice and wife can recover title and possession under their claim of title by limitation as plead by them."

Appellee introduced the above agreement and rested its case. Appellants then proceeded to offer testimony on their plea of limitation.

The court submitted the following special issue to the jury which was answered in the negative:

"Do you find from a preponderance of the evidence that the defendant W. P. Trice and wife, Stella Trice, have had peaceable and adverse possession of the land in controversy in this suit, cultivating, using and enjoying the same continuously for any consecutive period of ten years prior to the filing of this suit on June 9, 1951?"

Before the argument was begun, counsel for appellants moved the court to permit him to open and close the argument. The court overruled this motion to which appellants then and there duly ex-

cepted. We are of the opinion that the court erred in overruling this motion and in refusing to permit counsel for appellants to open and close the argument. R.C.P. 266 provides:

"Except as provided in Rule 269 the plaintiff shall have the right to open and conclude both in adducing his evidence and in the argument unless the burden of proof on the whole case under the pleadings rests upon the defendant, or unless the defendant or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff is entitled to recover as set forth in the petition, except so far as he may be defeated, in whole or in part, by the allegations of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, whereupon the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause. The admission shall not serve to admit any allegation which is inconsistent with such defense, which defense shall be one that defendant has the burden of establishing, as for example, and without excluding other defenses: accord and satisfaction, adverse possession, arbitration and award, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, release, res judicata, statute of frauds, statute of limitations, waiver, and the like."

R.C.P. 269 provides, in part:

"(a) After the evidence is concluded and the charge is read, the parties may argue the case to the jury. The party having the burden of proof on the whole case, or on all matters which are submitted by the charge, whether upon special issues or otherwise, shall be entitled to open and conclude the argument; where there are several parties having separate claims or defenses, the court shall prescribe the order of argument between them."

We are of the opinion that the agreement entered into between the parties met the requirements of the rule. Appellants agreed therein that appellee had the record title to the land and is entitled to recover the title and possession unless appellants can recover title and possession under their plea of limitation. The admission contemplated by the rule must be such as to relieve the plaintiff from the necessity of offering any evidence in support of his case. It must be such an agreement as will entitle the plaintiff to judgment if no evidence is introduced by either party. 41 Tex.Jur., page 755. The agreement in this case relieved appellee of the necessity of offering evidence. Appellee introduced the agreement and rested its case. If appellants had introduced no evidence, appellee would have been entitled to a judgment. Furthermore, the burden was upon appellant on the issue submitted to the jury.

"The party having the burden of proof on the whole case, or on all matters which are submitted by the charge, whether upon special issues or otherwise, shall be entitled to open and conclude the argument; * * *." R.C.P. 269.

It is our opinion that appellants should have been allowed to open and close the argument. The refusal of the court to allow appellants this privilege constitutes reversible error. R.C.P. 266, 269; Stone v. Morrison & Powers, Tex.Com.App., 298 S.W. 538; Stolpher v. Bowen Motor Coaches, Inc., Tex.Civ.App., 190 S.W.2d 376; Meade v. Logan, Tex.Civ.App., 110 S.W. 188; Kennedy v. McCauley, Tex.Civ. App., 236 S.W. 752; National Aid Life Ass'n v. Alexander, Tex.Civ.App., 113 S.W.2d 272; Phoenix Mut. Life Ins. Co. v. Bernfield, Tex.Civ.App., 101 S.W.2d 1025; Nass v. Nass, Tex.Civ.App., 224 S.W.2d 280; Id., Tex.Sup., 228 S.W.2d 130.

Appellants contend they showed limitation title to the property as a matter of law. Appellee contends appellants did not raise an issue on this phase of the case and that the court should not have submitted an issue thereon. In other words, appellee contends that the court should have instructed a verdict in its favor. We

have concluded that an issue of fact was raised by the evidence and that the court properly submitted the issue to the jury. Appellants had the property under fence for more than 20 years and Mr. Trice testified that he had been claiming it adversely all of this time. There is evidence that Mr. Whitaker (appellee's predecessor in title) owned other lots in the addition not involved here and that Mr. Trice owned lots in the addition not included within his enclosure. There is also evidence that there was an agreement between them to the effect that they would cultivate each other's lots; that throughout the years Mr. Trice cultivated the lots owned by Mr. Whitaker and that Mr. Whitaker likewise cultivated lots owned by Mr. Trice. There are also other facts and circumstances in the case not necessary to detail, which, to our minds, raise said fact question.

We have considered all points of error briefed by appellants and find no merit in any of them except points numbers 2 and 3, which complain of the action of the court in not permitting their counsel to open and close the argument. We have concluded that these two points must be sustained and the judgment of the trial court is, therefore, reversed and the cause remanded.