## PARKER v. BARKER.

An omission to insert the proper direction in a writ is not fatal, if it is served by the proper officer.    The writ may be amended, and the objection will be obviated.

On a motion to amend, it must be shown that, upon the facts, the amended form would be proper.

An appeal after judgment on the merits does not open the question of the propriety of an amendment, or of the decision upon a motion to quash the writ.

APPEAL from the judgment of a justice of the peace.

From the writ, returns, and record of the justice, it appeared that the plaintiff was described as of Wolfborough, in the county of Carroll; the principal defendant as of Alton, in the county of Belknap; and the trustee as of Wolfborough.    The writ was directed to the sheriff of the county of Carroll, or his deputy, or to any constable of any town in said county.    It was served on the trustee by a constable of Wolfborough, who also returned that he attached a quantity of boards on the wharf of the steamer Lady of the Lake, in Wolfborough, as the property of the defendant. The writ was served on the principal defendant, in Belknap county, by a deputy of the sheriff of that county.

On the return day, Mr. Moody appeared specially for the defendant, and moved that the writ should be quashed for want of jurisdiction.    The plaintiff, by Mr. Hill, moved to amend the writ by inserting a direction to the sheriff of any county in the State. The motion to amend, though objected to, was allowed, and the motion to quash the writ was overruled.    The trustee was discharged by the plaintiff, and judgment rendered for the plaintiff, and the

defendant appealed.  At the trial term the defendant renewed his motion to quash the writ, but his motion was overruled, and he excepted, and filed his bill of exceptions, which was allowed.

BELL, C. J.  The action, being personal and transitory, could be properly brought in the county where either of the parties, the plaintiff or the principal defendant, resided.  Rev. Stat., ch. 180, sec. 1; ch. 208, sec. 2.  The justice, therefore, had jurisdiction, if the parties were regularly brought before him.

Justices' writs must be directed to the sheriff of the county, or his deputy, or to any constable of any town in the county; Rev. Stat., ch. 182, sec. 4; except where the defendant has personal property liable to attachment, in a county in which he does not reside; Rev. Stat., sec. 6; or a trustee named in the writ resides out of the county in which the action is brought; Rev. Stat., ch. 208, sec. 40; in which cases the writ may be directed to the sheriff of any county.

Here personal property of the defendant was attached, "a quantity of boards;" and money or other personal property was required to be attached in the hands of the trustee.  The writ therefore might properly be addressed to the sheriff of any county, and properly served by the sheriff of Belknap, or his deputy.  It was so served, but was not so addressed, and the sheriff of that county, upon the general rules of the law, had no authority to serve it.  The defendant took a legal and proper course to avail himself of the defect of service, which appeared on the face of the writ and return. *Tilton* v. *Tilton*, 4 N. H. 142; *Morse* v. *Calley*, 5 N. H. 222; *Pearson* v. *Swett*, 32 N. H. 88; *Farley* v. *Day*, 26 N. H. 531.

But an omission to insert the proper direction, if the writ is served by the proper officer is not fatal.  It may be amended on motion, and leave granted to insert the proper direction, and the objection will be thus obviated.  *Brown* v. *Dudley*, 33 N. H. 514; *Tilton* v. *Parker*, 4 N. H. 144.  The motion to quash the writ, after such an amendment, was properly overruled by the justice, and if the question could be properly raised here, it would be so overruled by this court.

The motion to amend could be properly granted in the discretion of the court, only upon its being shown by affidavit that it might rightfully have been so made originally, unless that appears on the face of the writ and return.  In the present case it appears now that nothing was in the hands of the trustee, and an attachment of "a quantity of boards" without further description is a nominal attachment; but it might be shown that there was property intended to be reached.

An appeal taken after judgment on the merits, does not open the question of the propriety of an amendment of the writ, or of the decision upon a motion to quash it.  The motion at the trial term was therefore properly overruled.  Exception overruled.

*Judgment affirmed.*