**NASH v. BOYD et al.**

**No. 14199.**

Court of Civil Appeals of Texas. Dallas.

Dec. 16, 1949.

Rehearing Denied Jan. 6, 1950.

Cedric G. Hamlin and Donald Gay, Dallas, for appellant.

A. G. Henry, Kaufman, L. F. Sanders, Canton, Wynne & Wynne, Wills Point, for appellees.

CRAMER, Justice.

This is an appeal from an order granting a temporary injunction.

Appellees brought a certiorari proceeding in the district court to revise a probate guardianship cause in the county court, in the estate of M. A. Joy, NCM.

The temporary injunction restrained appellant from "expending or transferring funds or the proceeds of such checks delivered to him by Myrtle Spiva Boyd, but

in all things hold the same in status quo until the further orders * * *."

The petition for certiorari, on which the trial judge granted the writ of certiorari and the temporary injunction, alleged, in addition to formal and jurisdictional matters, in substance that such proceeding "was and is wholly void and of no force and effect for the reason that no proper notice of the application for such appointment had been given in the manner and form required by law prior to the entry of such order of appointment, and the attempted notice and citation issued and posted was wholly ineffective and insufficient as a proper notice for such purpose, and all acts and orders thereunder and all proceedings had relative thereto were and are wholly void and of no force or effect."

The petition also alleged that it was because of such void proceedings that Myrtle Spiva Boyd turned over, under the void orders of the probate court, her property to appellant as such purported guardian. The prayer was for the granting of the writ, for receiver and for injunction pending final hearing, and that upon final hearing "the plaintiffs have judgment holding for naught all of the acts and proceedings in the guardianship proceedings and declaring that same was void and of no force and effect and ordering and directing the Receiver as herein prayed for to deliver into the possession of this plaintiff the properties lifted from her possession by virtue of such void guardianship proceedings, or if a receiver be not appointed then that the court order that the purported guardian deliver into the possession of the plaintiff all of the properties, cash, cashier's checks and bank deposits lifted from her possession as such purported guardian, * * *"; and for general relief.

On the hearing on the temporary injunction here appealed from, the appellee introduced, for the purpose of showing the invalidity of the probate proceedings, the notice in probate posted at the courthouse door of Kaufman County, Texas, by the sheriff of Kaufman County. It was directed "To the Sheriff or Any Constable of Kaufman County—Greeting:" and was otherwise in regular form. The personal

citation in appointment of guardian (NC M) and served personally on M. A. Joy, Sr., was directed in the same manner, to wit: "To The Sheriff or Any Constable of Kaufman County, Texas, Greeting:"

It also appears that another and prior suit had been filed by appellees against appellant as guardian to recover the property sued for in this suit.

The court found in its order granting the writ of certiorari that " * * * there was turned over, by Myrtle Spiva Boyd * * * into the hands of Edward Nash, acting as the guardian of the estate of M. A. Joy, * * *," sums in excess of $169,000 as well as other property, which she claimed as her own and "which she contended was done under the orders and direction of the probate court; and the court, being in doubt as to the validity of the guardianship proceedings complained of in such certiorari proceedings herein, and being of the opinion that the notices posted and served were insufficient as a matter of law, and that all proceedings under the guardianship were void, * * *" granted the temporary injunction until the validity of such proceeding was finally determined, etc.

The appellant assigns eleven points of error which raise, among other questions, that of the error of the trial court in holding the notices and citations in the probate proceedings void and, as a result thereof, all orders, etc., in the guardianship cause also void.

This attack on the citation, notice, and, in turn, on the entire probate proceeding, will be considered first.

The writ of certiorari, as will be seen from the above facts, was granted solely on the allegations in the application for the writ to the effect that the guardianship proceeding was void under Rule 15, Texas Rules Civil Procedure, the material provisions of which provide that " * * * unless otherwise specially provided by law or these rules every such writ and process shall be directed to any sheriff or any constable within the State of Texas, shall be made returnable * * *," etc. Whereas, in the case now on appeal the writ is directed "To The Sheriff or Any Constable of Kaufman County."

■ This involves solely a question of law, and if the trial court, in passing upon this question, was not correct in holding that the proceeding was void or that there was a reasonable probability that same was void, then the trial court abused his discretion in granting the writ and, after granting same, of course, in granting the injunction. The trial court followed the holdings in the case of Mitchell v. Rutter, 221 S.W.2d 979, by the Austin Court of Civil Appeals. We agree that Rules 15 and 101 control and are applicable to probate proceedings, as expressed by the Sub-Committee on Interpretation of the Rules of Civil Procedure, 10 Texas Bar Journal 271; but not the holding that the citation is void.[1] We are reluctant to make

1. "Question: (1) In guardianship proceedings in the County Court should the citation required by Article 4116, Vernon Statutes, as amended, for minors over fourteen years of age be directed to the minor or should it be directed to any sheriff or any constable within the State of Texas, or should it be directed to the sheriff or any constable of the county within which the minor appears to be at the time? (2) In such proceeding as is assumed in Question No. 1 above should the notice required by Article 4114, Vernon Statutes, as amended, be directed to the sheriff or any constable of the county within which the proceeding is pending, or should notice be directed to any sheriff or any constable within the State of Texas? Answer: Articles of

the Statutes Nos. 2021, 2022, 2228 and 2286 have been expressly repealed. Article 2286 provided in substance that all writs and processes should be directed to the sheriff or any constable of the *proper county*. Since this article has been repealed, it appears that Rules 15 and 101 now contain the sole provisions in respect to the form and contents of writs and citations. It is true that Rule 2 preserves the rules of procedure in guardianship proceedings as provided by a statute, but there seems to be no article in the probate statutes providing to whom a citation should be directed. Article 3310 sets forth the requisites of citation in probate but does not state to whom the citation should be directed. This is true also in respect to Articles

a holding directly in conflict with that of another Court of Civil Appeals of the State. However, Rule 118 T.R.C.P., was not cited or considered in that case. Rule 118 is as follows: "At anytime in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

Prior to the adoption of the new Rules, process itself could not be amended, and therefore void if the process did not follow the mandate of the statute. Upon the adoption of the new Rules, Rule 118 expressly provided for amendment of the process as well as the return. Rule 118 has a notation that its source is: "Art. 2044, Federal Rule 4(h)." And, "Change: The rule authorizes amendment of the process as well as in the proof of its service."

In the States and in the Federal Court, where an amendment of the process itself is permitted, it has been held that if the process is such that it can be amended under the Rule, such process is not void.

An amendment, when made, relates back to the time of the issuance of the process. Lafleaur v. Switzer, Tex.Civ. App., 109 S.W.2d 239; 33 Tex.Jur. 906, Process and Notices, secs. 91–92.

In 42 Am.Jur., p. 14, in the last paragraph of sec. 13, Process, it is stated: "The omission to insert the proper direction in the writ is not fatal, if it is served by the proper officer. The writ may be amended on motion, and the objection will thus be obviated." It cites Parker v. Barker, 43 N.H. 35, 80 Am.Dec. 130, decided in 1861. There the process was directed to the sheriff of Carroll County or his deputy, etc., and was served on the proper party in Belknap County by a deputy sheriff of Belknap County. An amendment was allowed and the direction in the writ was made to name the county in which it was served. The court held that under the general rules of law a deputy sheriff of Belknap County had no authority to serve it. The defendant took a legal and proper course to avail himself of the defect of service which appeared on the face of the writ and return. The court there said: "* * * an omission to insert the proper direction, if the writ is served by the proper officer, is not fatal. It may be amended on motion, and leave granted to insert the proper direction, and the objection will be thus obviated; * * * the motion to quash the writ, after such an amendment, was properly overruled by the justice; and if the question could be properly raised here, it would be so overruled by this court."

In the case of Semmes v. United States, 91 U.S. 21, 23 L.Ed. 193, Syl. 2 reads as follows: "A decree of the Circuit Court ought not to be reversed for a defect in the form of the process, which is amendable." There the writ was made returnable on the first Monday of December instead of the first Monday in November, as it should have read.

50 Corpus Juris, p. 600, "Process" sections 346, 347–348 are as follows:

"346 c. Contents of Writ Generally. With regard to its contents, process may, among other purposes, be amended to add words required by statute which have been omitted, to change the words to conform to statutory requirements, to correct a mistake in the name of the county in which the process was issued, to strike out surplusage, or to substitute a successor in office as indorser on the writ. Process may be amended to correct or supply a date therein or in the indorsement thereon, if

3310a, 3311, 3333, 4414, 4415 and 4416. Article 3333 [3311] does not state to whom the Clerk is to *deliver* the citation, stating that it shall be delivered to the sheriff or constable of the *proper* county. Since Article 2286 has been superseded by Rules 15 and 101, and since the probate articles do not contain an

express provision as to whom the notice or citation should be directed, it is the opinion of the Committee that the notice required by Article 4114 and the citation provided by Article 4116 should be directed to any sheriff or constable within the State of Texas." 10 Texas Bar Journal, page 271, supra.

omitted or wrongly given, except in jurisdictions where the statute is construed as invalidating process for not complying with its terms in this respect. It also may be amended when it fails to state or to state correctly, when and where the complaint will be filed, or when it fails to show the authority for serving the attorney of the party instead of the party himself."

"Sec. 347 d. Style. Process may be amended when it does not have the style required by law, as where it omits the name of the state in which the process was issued; and it has been held that an amendment may be allowed to cure a defect arising from the nonobservance of a constitutional direction as well as of a statutory one."

"Sec. 348 e. Direction to Officer. When the writ is not directed to any officer, or to the wrong officer, it may be amended. If the sheriff cannot serve the writ and for that reason it is directed to another officer, a failure to recite the facts making such direction necessary may be cured by an amendment."

In the January 1945 issue, Vol. 8, Texas Bar Journal No. 1 (which contains advisory opinions of sub-committee on rules of practice and procedure) there is an opinion with reference to Rules 114, 116, and 118. At page 45, referring to a sheriff's return on a citation by publication, it is stated in the course of the discussion, beginning at top of page 46, as follows: "We call attention to Rule 118 which permits 'any process or proof of service to be amended' in the discretion of the court. Even if there were substance in the point raised the court ought not to hold the citation and return void but should direct that the return be amended and the clerk's file mark changed to show that it was filed after the expiration of twenty-eight days. However, nothing of the sort is required in the circumstances stated. We call attention to the rule permitting amendments to process and return merely to bring to the fore the concept of the rules that form shall not be allowed to control the substance of things unless imperatively required in the interest of justice."

It also may be noted that in the case here, the direction was not to the wrong county, or officer, but to the only officer who could execute the process, instead of the statutory general direction which would have included the officer who actually served the same.

■ We therefore hold under circumstances in evidence in this case that no harm could have been done any interested person, and that the probate court may (and should) permit an amendment of the process so that it may recite the proper direction as required in Rule 15, and that the same is not void.

■ The 51st Legislature, at its regular session, ch. 570, House Bill No. 985, now Vernon's Ann.Civ.St. Art. 2286a, validated all citations and notices theretofore issued in lunacy, guardianship, or estates of decedents, or any other probate proceedings directed to the sheriff or constable of the county in which such proceedings were instituted, instead of to any sheriff or constable within the State of Texas, together with all uncontested orders, decrees, sales, leases, and judgments grounded on such citations or notices, etc. We therefore further hold that since the process in this case was issued prior to the effective date of that Act, the effective date being July 21, 1949, such Act validated such notices and all such orders as are within the purview of that Act.

We further hold that the process involved here, under Rule 118 not being void, and amendable at any time, that such amendment will relate back to the original date of the issuance of such process.

Above holdings make it unnecessary to consider the other assignments and necessitate a reversal of the judgment below and the dissolution of the temporary injunction.

It is so ordered.