GERTRUDE A. NASS V. MARY VIOLA NASS.

No. A-2448. Decided March 8, 1950.
Rehearing overruled April 5, 1950.
(228 S. W., 2d Series, 130.)

42

*Randolph Pierson, Williams Stiglich* and *F. W. Drummond,*

all of Galveston, and *Nass & Bradley* and *Harry A. Nass,* all of San Antonio, for petitioner, Gertrude A. Nass.

The Court of Civil Appeals erred in ignoring and refusing to pass upon the question as to whether or not the process and notice set out in the transcript was legally sufficient to entitle the will of January 3, 1947, to probate. Story v. Story, 105 S. W. 2d 370; Hogan v. Stoepler, 82 S. W. 2d 1000; Green v. White, 32 S. W. 2d 488.

*Levy & Levy* and *Marion J. Levy,* all of Galveston, for respondent.

In reply to petitioner's point of error cites: Mitchell v. Rutter, 221 S. W. 2d 979; Gunter's heirs v. Lagow, 191 S. W. 2d 111; Alexander v. State, 115 S. W. 2d 1122.

MR. JUSTICE SHARP delivered the opinion of the Court.

This is a will contest. Petitioner, Gertrude A. Nass, surviving sister of Frank J. Nass, deceased, filed an application in the County Court of Galveston County to probate an instrument dated March 28, 1945, as the last will and testament of Frank J. Nass. Respondent, Mary Viola Nass, surviving widow of the deceased, filed a contest, alleging that such will had been revoked by a subsequent instrument dated January 3, 1947. Thereafter respondent filed an application to probate the instrument of January 3, 1947, as the last will and testament of the decedent. This latter application was then contested by petitioner on the grounds of forgery, lack of testamentary capacity, and undue influence.

The County Court admitted the instrument of January 3, 1947, to probate, refusing to probate the instrument of March 28, 1945. An appeal was taken to the District Court, and based upon jury findings that Frank J. Nass signed the will of January 3, 1947, and was of sound mind at the time of signing same, that court rendered judgment refusing probate of the instrument of March 28, 1945, and admitting the later will to probate. This judgment was affirmed by the Court of Civil Appeals. 224 S. W. 2d 280.

Petitioner contends that the decision in this case conflicts with the decision of the Court of Civil Appeals in Mitchell et al. v. Rutter et al., 221 S. W. 2d 979. In that case the citation was directed to the "Sheriff or any Constable of Travis County," and the Court of Civil Appeals construed Rule 15 of Texas Rules

of Civil Procedure, and held that the judgment of the trial court was void. In this case the citation was directed to the "Sheriff or any Constable of Galveston County," and the Court of Civil Appeals sustained the judgment of the trial court based upon this citation. The application for writ of error was granted on this point.

The question under consideration involves the construction of Rules 15 and 101 of Texas Rules of Civil Procedure. The material part of Rule 15 reads: "The style of all writs and process shall be 'The State of Texas'; and unless otherwise specially provided by law or these rules every such writ and process shall be directed to any sheriff or any constable within the State of Texas, * * *." Rule 101 prescribes the necessary requisites of a citation. Rules 15 and 101 supersede Article 2286.

■ Prior to the adoption of the Rules of Civil Procedure by this Court, the rules governing the issuance of writs and process were cumbersome, and in many instances several alias citations had to be issued before service was obtained as required by law. By the adoption of Rules 15 and 101 the procedure was simplified and the cost to litigants materially reduced. Rule 15 provides that every "writ and process shall be directed to any sheriff or any constable within the State of Texas." This provision does away with the requirement that new process must be issued to every county in which the person to be served may be found. Rules 15 and 101 are applicable to probate proceedings when not in conflict with the existing rules and statutes relating to probate matters. They are supplemental to the existing rules and statutes relating to probate proceedings, and should be construed in connection with Rule 2 and Articles 3310, 3310a, 3310b, 3311, 4115, and 4116. See 10 Texas Bar Journal, page 271, for a discussion of Rules 15 and 101 as being applicable to probate proceedings.

■ In the case of Edward Nash v. Myrtle Spiva Boyd et vir, 225 S. W. 2d 649, which involved an attack on a probate proceeding in Kaufman County, the notice being directed "to the Sheriff or any Constable of Kaufman County," the Court of Civil Appeals for the Fifth Supreme Judicial District disagreed with the holding in the case of Mitchell et al. v. Rutter et al., supra, and sustained the judgment of the probate court in the Nash case which had been attacked. In the case which we have under consideration the proceedings were filed in the Probate Court of Galveston County, and the sheriff of Galveston County posted the notice in that county, as required by law. If the

citation had been directed "to any sheriff or any constable within the State of Texas," the notice would have been posted in Galveston County, as was done. The holding in Mitchell et al. v. Rutter et al., supra, is expressly overruled, and we hold that the citation or notice in this case was sufficient.

In addition to Rules 15 and 101, this Court adopted Rule 118, which permits any process or proof of service thereof to be amended. Rule 118 reads: "At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued." The source of this rule is Article 2044, which has been repealed by the Rules of Civil Procedure (Acts 1939, 46th Leg., p. 201, sec. 1), and Federal Rule 4(h). 28 U. S. C. A. This rule expressly provides for the amendment of any process as well as the return thereof. See 8 Texas Bar Journal, No. 1, p. 46.

In order to meet the holding in the case of Mitchell et al. v. Rutter et al., supra, the 51st Legislature enacted H. B. No. 985, now Article 2286a Vernon's Annotated Civil Statutes, which validated all citations and notices theretofore issued in certain probate proceedings directed to the sheriff or constable of the county in which such proceedings were instituted, instead of to any sheriff or constable within the State of Texas, together with all uncontested orders, judgments, etc., based on such citations or notices.

█ Petitioner contends that the Court of Civil Appeals erred in its construction of Article 3737b, in that it precluded petitioner from the right of having the jury instructed that they could consider the standards of comparison introduced in evidence as genuine in determining whether or not the testator signed the instrument dated January 3, 1947.

Article 3737b reads: "In the trial of any civil case, it shall be competent to give evidence of handwriting by comparison, made by experts or by the jury. The standard of comparison offered in evidence must be proved to the satisfaction of the judge to be genuine before allowing same to be compared with the handwriting in dispute."

Petitioner requested that the trial court charge the jury that, "The signatures upon the instruments introduced into evidence in this cause, which form the standard of comparison,

upon which the testimony of the handwriting expert is based, have been proved genuine to the satisfaction of this Court, and you are entitled to so consider the same in your deliberations."

The evidence introduced as standards of comparison consisted of certain promissory notes and cancelled checks signed by the decedent, and photostats of his signatures to other instruments. The services of a handwriting expert were had in the trial of the case, and when the trial court was satisfied that the signatures of the decedent in the standards of comparison offered were genuine, they were introduced in evidence for the jury to consider in connection with the disputed signature on the will.

The trial court held that the above article authorized it to determine the sufficiency of the evidence introduced to satisfy the court as to the genuineness of the particular signatures to go before the jury. The Court of Civil Appeals held that the article only authorized the trial court to pass on the genuineness of the signatures to be considered by the jury, in order that they might have a basis for comparing decedent's signature on the disputed will with what were claimed to be genuine signatures of decedent.

Petitioner offered the signatures of the decedent on the checks, notes, etc., as a basis of comparison, and the genuineness of those signatures is not questioned. Her complaint is that the trial court should have instructed the jury that those signatures were proved to be genuine to the satisfaction of the court. The duty rests upon the trial court to pass on the admissibility of testimony. 27 Tex. Jur., p. 411, sec. 3. The purpose of Article 3737b is to require that standards of comparison offered in evidence must be proved to the satisfaction of the trial court to be genuine before they will be permitted to be compared with the handwriting in dispute. When the trial court is satisfied that they are genuine, they may be passed on to the jury to be considered along with the signature in dispute.

The probative force of testimony is ordinarily a question for the jury to determine. They are the triers of the facts, and are not required to follow the opinions of experts or to be controlled by the action of the trial court in admitting the standards of comparison as genuine. 27 Tex. Jur., p. 414, sec. 6; 32 C. J. S., Evidence, p. 473, sec. 621; 20 Amer. Jur., p. 620, sec. 743. The trial court did not err in refusing to submit to the jury the requested instruction.

The other contentions of petitioner present no reversible error, and the judgments of the trial court and Court of Civil Appeals are affirmed.

Opinion delivered March 8, 1950.

Rehearing overruled April 5, 1950.