### GRIFFIN v. GRIFFIN et al.
### No. 6522.

Court of Civil Appeals of Texas.
Texarkana.

Oct. 19, 1950.

968

Musslewhite & Fenley, Lufkin, Gladney & Stephen, Henderson, for appellant.

H. H. Wellborn, Henderson, Lane, Hall & Lane, Marshall, for appellees.

HALL, Chief Justice.

Mrs. Gussie Griffin, appellant, filed for probate in the County Court of Rusk County the will of her deceased husband, W. T. Griffin, and appellees, R. M. Griffin and others, children of W. T. Griffin and his first wife, filed their contest thereto. Upon a hearing the county court refused to admit the will to probate and the appellant appealed her case to the District Court of Rusk County. Appellees filed a motion in the district court to dismiss the appeal for the reason that the citation issued out of the county court was void in that it was directed "To the Sheriff or any Constable of Rusk County," instead of "to any sheriff or any constable within the State of Texas," as re-quired by Rule 15, Texas Rules of Civil Procedure. Appellees also filed a motion to dismiss the appeal to the district court for insufficient sureties on the appeal bond. Upon a hearing both motions were granted. Appellant was permitted, however, to amend her appeal bond by securing proper sureties within 20 days from and after January 14, 1950. Appellant complied with this requirement by filing her amended appeal bond which was approved by the county judge, county clerk and district clerk of Rusk County on January 15, 1950.

The action of the district court in dismissing the appeal from the county court on account of the citation out of the latter court being addressed to the sheriff or any constable of Rusk County instead of any sheriff or any constable of the State of Texas, forms the basis of this appeal.

It is now clear, by reason of a recent opinion by the Supreme Court hereafter noted, that this action of the trial court presents error. Since the entry of the judgment in the trial court the Supreme Court has handed down the opinion in Nass v. Nass, Tex.Sup., 228 S.W.2d 130, dated March 8, 1950, which sets at rest the question here involved respecting the sufficiency of the citation. That case holds that such citation is sufficient. It is not necessary to quote from that decision but we simply call attention to the holding therein. The action of the trial court in permitting appellant to amend her appeal bond is sustained. The motion of appellees in this court to dismiss the appeal is overruled. Because of the error set out above, the judgment of the trial court is reversed and the cause remanded to the trial court.