**C. A. HANCE, Appellant,**

v.

**Dr. R. E. COGSWELL, Appellee.**

**No. 10523.**

Court of Civil Appeals of Texas.

Austin.

Nov. 13, 1957.

Cowsert & Bybee, Hereford, for appellant.

No brief filed for appellee.

HUGHES, Justice.

This is an appeal by writ of error for the purpose of reversing a default judgment rendered for Dr. R. E. Cogswell against C. A. Hance for $208.30 with interest.

The only questions presented by appellant relate to the sufficiency of the citation served upon him to support a default judgment.

Appellee has filed no brief.

We copy the citation and endorsements thereon in full, omitting the Sheriff's Return:

"The State of Texas
To: C. A. Hance, Defendant, Greeting:
"You Are Hereby Commanded to appear before the Honorable County Court of Castro County, Texas at the Court House of said County in Dimmitt, Texas, by filing a written answer, at or before 10 o'clock A. M. of the Monday next after the expiration of twenty days after the date of service of this citation, to Plaintiff's Petition filed in said court on the ——— day of ———, A. D. 19——, numbered —— on the docket of said court, and styled, Dr. R. E. Cogswell, Plaintiff, VS. C. A. Hance, Defendant.

"The nature of Plaintiff's demand is set out and shown by a true and correct copy of Plaintiff's Petition, accompanying this citation, and made a part hereof.

"If this citation is not served within ninety days after the date of its issuance, it shall be returned unserved.

"The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

"Issued and given under my hand and the seal of said court at Dimmitt, Texas, this the ——— day of July, A. D. 1956.

> Attest: Neva Hastings
> Clerk County Court
> (Seal)    Castro County, Texas"

"No. 363
Dr. R. E. Cogswell Vs. C. H. Hance
In County Court, Castro County, Texas
Citation
Filed: August 8, 1956
Neva Hastings, County Clerk, Castro County, Texas
By Katy Dodd, Deputy"

The record does not contain a copy of the certified copy of appellee's petition served upon appellant and we cannot know what endorsements, if any, it bore.

Appellant contends that since the citation does not disclose the date of filing appellee's petition, file number of the suit nor date of issuance of citation it will not support a default judgment.

Rule 101, Texas Rules of Civil Procedure, stating the requisites of a citation, provides in part:

"* * * It shall state the date of the filing of the petition, its file number and the style of the case, and the date of issuance of the citation, be signed and sealed by the clerk, and shall be accompanied by a copy of plaintiff's petition. * * *"

We assume, without deciding, that the file number on the back of the citation satisfies the rule because the other two requisites, missing here, are at least as important as the number of the case.

We would consider this case of a simple nature but for the somewhat hectic career of our opinion in Mitchell v. Rutter, Tex. Civ.App., 221 S.W.2d 979. There we held, relying upon what seemed to be well established principle, that a citation not directed as the rules required was insufficient to support a judgment by default. The parties were apparently content with that decision as no motion for rehearing was filed. Then came the case of Nash v. Boyd, 225 S.W.2d 649, 652, by the Dallas Court of Civil Appeals which chose not to follow our opinion in Rutter and based its decision on Rule 118, T.R.C.P., with the statement that such rule, in Rutter, "was not cited or considered." We will notice this rule later.

Next came the case of Nass v. Nass, 224 S.W.2d 280, Galveston Court of Civil Appeals, affirmed 149 Tex. 41, 228 S.W.2d 130, 131. There the Supreme Court said "Petitioner contends that the decision in this case conflicts with the decision of the Court of Civil Appeals in Mitchell v. Rutter" supra. An examination of the opinion of the Court of Civil Appeals in Nass shows the question under consideration not to have been mentioned, hence all later references to this case will be to the Supreme Court opinion.

The Court in Nass overruled our opinion in Rutter and in doing so cited the Nash case by the Dallas Court. The decision in that case was based on Rule 118, T.R.C.P. This Rule reads:

"At any time in its discretion and upon such notice and on such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

The Court there held, in dissolving a temporary injunction enjoining all proceedings in a guardianship case, that since the process was subject to amendment under the above Rule that it was not void. The Court cited authorities from other States to sustain their holding but since the statutes or rules upon which they are based are not available to us they cannot be analyzed. Cited also is the United States case of Semmes v. U. S., 91 U.S. 21, 23 L.Ed. 193, Syl. 2, reading:

"A decree of the Circuit Court ought not to be reversed for a defect in the form of process, which is amendable."

It is to be noted that the present Federal Rule on the subject, 4(h), Federal Rules of Civil Procedure, 28 U.S.C.A. does not require any notice before amending process or proof of its service.

Prior to the adoption of our Rule 118 our statutes provided only that the return of the officer could be amended. Art. 2044, R.C.S., 1925. This statute also provided that the amendment could be made at "any time" and did not require notice yet such statute was construed

"* * * that in authorizing the officer to amend his return 'at any time' the statute contemplates the right to amend after the term as well as before, provided the amendment is made after full notice to the defendant or his attorney and after he has been afforded an opportunity to plead any matter of defense which he might have originally set up." Beaumont Court of Civil

Appeals, Midwest Piping & Supply Co. v. Page, 128 S.W.2d 459, 462, writ refused, quoting from 33 Tex.Jur. 908.

The Court in that case accordingly held that an amendment made under Art. 2044 after appeal by writ of error had been perfected could not be considered in support of a judgment by default.

In Woodall v. Lansford, 254 S.W.2d 540, 541, Fort Worth Court of Civil Appeals, a default judgment was reversed because of a defective return on the citation. The Court considered and discussed Rules 107 and 118, T.R.C.P., noting that "In this case, it does not appear from the record that there was ever any attempt to correct the form of return upon the citation."

Our failure to consider or discuss Rule 118 in Rutter was attributable to the fact that such rule was not invoked in that case in either the trial or appellate court.

The Nash case may be distinguishable from Rutter in that the guardianship was a continuing proceeding in the trial court and the requirement of Rule 118 as to notice could be met. In Rutter there was a final judgment denying probate to a purported will. As to this matter the jurisdiction of the Trial Court was not continuing but was exhausted.

We turn now to the case of Nass v. Nass which we have examined very closely with these observations:

The Court cited Nash v. Boyd but it expressed no approval or disapproval of it.

The Court cited and quoted Rule 118 but it expressed no opinion that such rule was or was not decisive of the case.

The Court referred to a validating Act, Art. 2286a, Vernon's Ann.Civ.St., enacted to meet the Rutter case but it expressed no opinion that such act was effective or ineffective for the purpose for which it was passed. If effective it seems there would have been no necessity for citing Rule 118 or for overruling Rutter.

Our problem is to determine the effect of the Nass opinion upon the case before us. If it was there intended to adopt the Federal Rule and hold that any citation which could be amended (whether actually amended or not) would support a default judgment then this case should be affirmed because we are clearly of the opinion that the defects in this citation could be amended under Rule 118.

We are aided in a contrary conclusion by the opinion of the San Antonio Court of Civil Appeals in Lemothe v. Cimbalista, 236 S.W.2d 681, 682, writ refused, holding that all rules "relating to the issuing and serving of processes are generally regarded as mandatory, and failure to comply with such rules renders the service thereunder of no effect." Cited, among other authorities, was Mitchell v. Rutter. This case, subsequent to Nass, with a writ being refused, constitutes a pronouncement of law by the Supreme Court which we follow.

Despite the complexity of the foregoing our conclusions are simple:

(1) The defects in the citation served on appellant are such that it will not support a default judgment.

(2) Rule 118 is not involved in this case because it was not invoked in the Trial Court.

(3) The decision in Nass is, for some unexplained reason, an exception to the general rule applied in Rutter and reaffirmed in Cimbalista.

The default judgment from which this appeal was taken is set aside and this cause is reversed and remanded.

Reversed and remanded