Clara **FRIEDRICHS**, Appellant,

v.

Alfred **REINHARDT**, Appellee.

No. 14147.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 11, 1963.

Albert C. McDavid, T. P. Hull, San Antonio, for appellant.

Clark Murray, Floresville, for appellee.

BARROW, Justice.

The last will of Caroline Behrens, deceased, was admitted to probate on January 26, 1959. On August 21, 1959, Clara Friedrichs filed this suit against Alfred Reinhardt, executor under the will, to cancel and hold for naught the order admitting said will to probate. After an adverse judgment in the county court, her suit was tried in the district court upon the agreed stipulation that the sole issue was whether the testatrix had testamentary capacity at the time she executed said will. After a full hearing on the merits before the court, without the intervention of a jury, a take-nothing judgment was entered against Clara Friedrichs and she has appealed.

Appellant asserts, first, that the trial court improperly placed the burden of proof on her. The rule is well settled that in a proceeding to set aside the probate of a will, the burden of proof is upon the person who files such suit. Sec. 93, Texas Probate Code, V.A.T.S.; Boyd v. Frost National Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326; Crane v. Pierce, Tex. Civ.App., 257 S.W.2d 510, writ refused; Jordan v. Virginia Military Institute, Tex. Civ.App., 296 S.W.2d 952. Since appellant brought this suit to contest the validity of the will which had been admitted to probate, the burden of proof was upon her to show its invalidity.

By her second point, appellant asserts that there is no evidence to support the trial court's implied finding that testatrix had testamentary capacity when she executed the will on January 8, 1957. In determining this "no-evidence" point, it is our duty to examine the record in its most favorable light in support of this finding, considering the evidence and inferences which support the finding and rejecting the evidence and inferences which are contrary to it. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; Chief Justice Calvert, No Evidence and Insufficient Evidence Points of Error, 38 Tex.Law Review 361.

This will was subscribed and acknowledged by testatrix as a self-proved will, in accordance with Sec. 59, Texas Probate Code; about two years prior to her death at the age of eighty-four years. At the time of its execution, testatrix was undergoing brief treatment at the Seguin Hospital, Seguin, Texas, and the will was witnessed by two disinterested employees of the hospital. Each of these witnesses testified that testatrix was of sound mind and had the mental capacity to know her next of kin and the nature and extent of her property at the time the will was executed. Hon. Joseph Dibrell, a practicing attorney of Seguin, acknowledged the signatures of the testatrix and the subscribing witnesses. Mr. Dibrell testified that he had not prepared the will, but was requested to serve as notary public. Under these circumstances, he took careful steps to ascertain the mental capacity of testatrix and therefore he talked to her about thirty minutes and reviewed the entire will with her before taking the acknowledgments. He testified that testatrix was of sound mind. Two other lay witnesses, who had been acquainted with testatrix over a long period of time, testified that she was of sound mind in January of 1957.

This evidence, although controverted in part by a witness called by appellant, amply supports the implied finding that testatrix had testamentary capacity at the time the will was executed. Nass v. Nass, Tex.Civ.App., 224 S.W.2d 280, affirmed 149 Tex. 41, 228 S.W.2d 130; Farmer v. Dodson, Tex.Civ.App., 326 S.W.2d 57; Nowlin v. Trottman, Tex.Civ.App., 348 S.W.2d 169. Appellant failed to discharge her burden of establishing the invalidity of the will.

The judgment is affirmed.