**W. M. BRUFLAT et ux., Appellants,**

**v.**

**CITY OF FORT WORTH, Appellee.**

**No. 16790.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 20, 1967.

Rehearing Denied Feb. 17, 1967.

King & Massey, and Marion L. Massey, Fort Worth, for appellants.

S. G. Johndroe, Jr., City Atty., and Jerome H. Parker, Jr., Henry C. Meyer, Asst. City Attys., Fort Worth, for appellee.

## OPINION

LANGDON, Justice.

This is a personal injury suit initiated by Madeline P. Bruflat and her husband, W. M. Bruflat, to recover damages for injuries allegedly sustained by Mrs. Bruflat when she stepped in a hole on a parkway in a residential section of the City of Fort Worth and fell into the street, landing on her right elbow.

In order to prevail the plaintiffs (appellants) had the burden to plead, prove and obtain findings that (1) the defendant (City of Fort Worth) caused or created the dangerous condition (the hole), or (2) the defendant had actual knowledge of the existence of the dangerous condition, or (3) the condition had existed for such a length of time and under such circumstances that it should have been discovered and remedied by the exercise of ordinary care prior to the accident in question. The appellants relied primarily on the third requirement and the case was tried on this theory.

The case was tried to a jury on special issues, to which no exceptions or objections were made by appellants. Nor were any additional issues requested by them. By its verdict the jury found that (1) the condition which caused Mrs. Bruflat to fall was created by a third party acting independently of the appellee, City of Fort Worth, and over whom it had no control; (2) the defect or condition had not been in existence for such a length of time prior to Mrs. Bruflat's fall that the employees of the City should have discovered it by the exercise of ordinary care. Klein v. City of Dallas, 71 Tex. 280, 8 S.W. 90, 92 (1888); Daniel v. City of Waco, 132 S. W.2d 131, 133–134 (Waco, Tex.Civ.App., 1939, writ dism., judgm. cor.). The appellants made no objection or exception to

such verdict. It was received and filed by the court as the verdict on the issues of fact in the case. The answers of the jury to the issues were supported by ample evidence. Based upon such verdict the court entered judgment for appellee and a take nothing judgment against appellants.

In referring again to the burden imposed upon the plaintiffs to prove one of the three elements above set forth, it is apparent that appellants cannot prevail under the first requirement because the jury found that the condition which caused the fall was created by a third party acting independently of the City and over whom it had no control. Therefore, the condition was not caused or created by the City.

■ Under the second requirement appellants cannot prevail because no issue was submitted nor requested as to actual knowledge on the part of the City prior to the incident in question. There is no evidence of any actual knowledge on the part of the City. No issue as to actual notice was requested. No objection to its omission from the charge was made. Wilson v. King, 311 S.W.2d 957, 958–959 (Austin, Tex.Civ.App., 1958, writ ref.); Leatherwood v. Holland, 375 S.W.2d 517, 522 (Fort Worth, Tex.Civ. App., 1964, writ ref., n. r. e.). Any evidence favorable to appellants must be rejected and only that which is favorable to the verdict can be considered. Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696 (1914); Friedrichs v. Reinhardt, 370 S.W.2d 739 (San Antonio, Tex.Civ.App., 1963, no writ hist.).

As to the third and final requirement which was the element primarily relied upon by the plaintiffs the jury found against them.

Thus, the plaintiffs failed to prove and obtain favorable findings as to any one of the three essential elements necessary to support their alleged cause of action.

We find no merit in the contention that there was a conflict in the jury findings.

■ The failure to present and preserve assignments of error with respect to alleged conflicting findings of the jury constitutes a waiver. Unless it constitutes fundamental error, it may not be raised for the first time on appeal. No fundamental error is involved under this record. Lewis v. Texas Employers' Ins. Ass'n, 151 Tex. 95, 246 S. W.2d 599, 601 (1952); Huff v. Insurance Company of North America, 394 S.W.2d 849, 852–853 (Fort Worth, Tex.Civ.App., 1965, writ ref., n. r. e.).

The appellants contend that the court erred in overruling their motion for judgment predicated upon the answers of the jury to special issues Nos. 9, 10 and 11 to the effect that the servants, agents and employees of the City allowed enough vegetation to grow around and across the hole in question to where the presence of the hole was concealed from users of the walkway in the exercise of ordinary care on their part which constituted negligence and a proximate cause of the injuries sustained by Mrs. Bruflat.

In the case of F. W. Woolworth Co. v. Goldston, 155 S.W.2d 830, 833 (Amarillo, Tex.Civ.App., 1941, writ ref., w. o. m.), the jury found that the defendant failed to sweep its floors (rather than to mow grass as in the instant case) at frequent intervals and that this was negligence and a proximate cause of plaintiff's injury. Based upon these findings the court rendered judgment for the plaintiff and defendant appealed. In reversing the trial court and rendering judgment for the defendant the Court of Civil Appeals said: "Appellant's contention here involves merely another method of approaching the condition laid down by the courts upon which the plaintiff in such cases may recover, that is, it must be shown that the banana peel was either placed upon the floor by the employees or agents of the defendant, or that they knew it was there, or that it had remained there a sufficient length of time that the defendant, its agents, servants or employees, by the exercise of ordinary care, would have discovered the fact that it was

there. * * * The mere matter of whether appellant was a tidy or a sloven housekeeper was no concern of appellees. We know of no way by which the plaintiff in such cases can relieve himself of the burden of proving one or the other of the essentials mentioned and, since neither of them was established nor even attempted to be proved, the court below, in our opinion, erred in overruling appellant's motion for a peremptory instruction."

To the same effect is Henderson v. Pipkin Grocery Co., 268 S.W.2d 703 (El Paso, Tex.Civ.App., 1954, writ dism.), wherein at page 705 the court held: " * * * A dangerous condition must have been known to defendant or must have existed for such length of time or under such conditions that he would or should have discovered it by the exercise of reasonable diligence. It is accepted doctrine now that the storekeeper is not an insurer. * * * plaintiffs must always discharge the burden of proving that the dangerous condition was either known to the defendant or had existed for such a length of time that he should have known it. It is not enough to prove carelessness or negligence in sweeping or cleaning premises, plaintiffs must always prove in addition the presence of some dangerous substance or condition that was or should have been known to the shopkeeper." See also Parker Food Stores, Inc. v. Pierce, 374 S.W.2d 699, 703–706 (Forth Worth, Tex. Civ.App., 1964, writ ref., n. r. e.).

■ The reasoning applied in the cases of Woolworth v. Goldston, Henderson v. Pipkins and Parker Food Stores v. Pierce, supra, is applicable here. The City of Fort Worth cannot be required to anticipate the existence of a dangerous condition solely because the grass in the parkway had grown to a height of three or more inches. To so hold would be tantamount to making a municipal corporation an insurer of the safety of persons using its streets, sidewalks and parkways.

The cases of City of Houston v. Watson, 376 S.W.2d 23, (Houston, Tex.Civ.App.,

1964, writ ref., n. r. e.) and Scott v. Liebman, 404 S.W.2d 288 (Texas, 1966), cited and relied upon by appellants, have no application to the facts of this case.

We are of the opinion that the court's action in overruling the appellants' motion for judgment predicated upon the jury's answers to special issues Nos. 9, 10 and 11 and in overruling their motion for judgment non obstante veredicto was correct. To sustain the latter motion the court would have been required to disregard the findings of the jury on the essential issues. We are further of the opinion that the court did not err in disregarding evidence that a City employee had actual knowledge of tall vegetation (grass) in the area of the hole in question for at least two months prior to said plaintiff's fall.

All of appellants' points of error are overruled and the judgment of the trial court in all things affirmed.

Affirmed.