**CITY OF HOUSTON, Appellant,**

v.

**Bess M. BARBARE et vir, Appellees.**

**No. 15597.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1970.

Rehearing Denied March 5, 1970.

 

the hole. Her leg was broken. There was testimony that grass was growing up out of the hole.

Plaintiffs' petition alleged that the hole was disguised by the growth of heavy grass over it and that Mrs. Barbare's foot was wedged in the pipe. That the City had actual and constructive notice of the existence of the hole and was negligent in 1) allowing it to exist in a public park, 2) failing to warn Mrs. Barbare and others of the dangerous condition, 3) failing to maintain the public park in a reasonably safe condition and 4) failing to repair the hole after having notice of its condition.

The City has perfected this appeal from a judgment of the trial court in the plaintiffs' favor. The jury's findings on which the City was held liable were made in response to special issues 1, 5, 5A, 6 and 7. Special Issue No. 1 asked: "Do you find from a preponderance of the evidence that on the occasion in question the Plaintiff sustained injuries by virtue of stepping into a hole near the water fountain in question?" The jury answered "we do."

The jury did not find (issue #2) that when the City installed the cut-off valve it failed to cover the opening or the hole leading to the valve, so the jury did not answer predicated issues as to negligence and proximate cause.

The next issue was submitted as follows:

"If you have answered Special Issue No. 1 'We do,' and only in that event, then answer:

### SPECIAL ISSUE NO. 5

"Do you find from a preponderance of the evidence that a hole leading into the cut-off valve to the water fountain existed for such a length of time before the accident that the Defendant could have discovered the existence of such a hole,

Wm. A. Olson, City Atty., Joseph G. Rollins, Senior Asst. City Atty., Houston, for appellant.

W. Douglas Matthews, Joseph F. Archer, Marvin Peterson, Houston, for appellees.

PEDEN, Justice.

This is a damage suit for personal injuries incurred by Mrs. Barbare when she stepped into a hole in a park owned by the City of Houston. The hole had been dug by the City for access to a buried cut-off valve in the water line serving a public drinking fountain. The valve was about eighteen inches below ground level. The hole leading to it contained a piece of concrete pipe four inches in diameter with a slightly flared opening at the top. The top of the pipe was customarily sunk about two inches beneath the surface, a metal top was fitted into it and it was all covered with dirt so as to be hidden and to allow grass to grow over it. Such pipes sometimes contain a quantity of dirt. The hole leading to the valve was located some three to six feet from the drinking fountain.

Mrs. Barbare testified that after drinking from the fountain she stepped back away from it and her left foot went into

if any, and by the use of reasonable diligence could have repaired the same?"

The jury's answer was "We do."

Its other findings concerning the City's liability were 5A) that before the accident the City failed to repair the hole, 6) such failure was negligence and 7) a proximate cause of the accident in question. The jury apparently believed that the City had once put a cap on the hole but that it was missing when Mrs. Barbare fell.

The jury did not find Mrs. Barbare negligent and did not find that the accident was unavoidable.

The City's fourteenth point of error complains that the court submitted in Special Issue No. 5 a duplicitous and multifarious issue which imposes two distinct, conflicting standards against which the jury was required to measure the City's conduct, viz: 1) the standard of "reasonable diligence" was imposed to measure its duty to repair after discovery of the defect, but 2) no standard was used in defining its duty to discover the hole. The City says the issue thus subjects it to the burden of using extraordinary diligence in its duty to discover such defect.

We sustain the point. The plaintiffs did not obtain findings that the City caused the top to be missing or that the City had actual knowledge that it was, so if they were to prevail the plaintiffs needed a finding that the City had constructive notice of the defect; i. e., a finding that it had existed for such a length of time that in the exercise of ordinary care the City (acting through those of its employees charged with supervision of the park) could have discovered and remedied it prior to the accident in question. Bruflat v. City of Ft. Worth, 411 S.W.2d 387 (Tex.Civ.App.1967, writ ref. n. r. e.). We are of the opinion that the pleadings and evidence raised the issue of constructive notice to the City, but that the issue was not properly drawn.

The issue, as submitted, fails to provide the correct yardstick for measuring the time which must elapse before the City's duty to discover the defect will arise. Instead of asking whether the hole had been open long enough for the City by the use of reasonable diligence (or ordinary care) to have discovered it and repaired it, the issue asked whether they *could* have discovered the hole and by the use of reasonable diligence could have repaired it.

The appellant properly preserved the point in question by timely objection to the court's charge and by motion for new trial. It is entitled to have the judgment of the trial court reversed. We remand this cause for another trial so that the facts may be ascertained. Rule 434, Texas Rules of Civil Procedure.

Our sustaining of appellant's fourteenth point of error should not be construed as approval of the City's description of Special Issue No. 5 as multifarious or duplicitous, however. Aside from the problem we have discussed, the issue asked whether the condition had existed long enough for the City to have done two things: discover it and repair it. The two elements add up to a period of time. Taken together they make up a single ultimate issue, but taken singly, each is evidentiary. Hodges on Special Issue Submission in Texas, Sec. 42; S. H. Kress & Co. v. Selph, 250 S.W.2d 883, 899 (Tex.Civ.App.1952, writ ref. n. r. e.).

We have examined the appellant's other points of error and the entire record of this case. We expressly overrule its first three points, which assert no evidence, insufficient evidence and great weight of the evidence points as to the City's having violated any duty it owed to the plaintiffs.

It will not be necessary for us to discuss the others, because they concern matters which are not likely to arise again in a new trial, such as the exclusion of evidence, improper jury arguments and excessive damage findings, and none of them would entitle the City to have judgment rendered in its favor.

Reversed and remanded.