**Willard Elmer WYSICK, Appellant,**

v.

**ESTATE of Flarrie Zuelia Smith WYSICK, Deceased, Appellee.**

**No. 1080.**

Court of Civil Appeals of Texas, Tyler.

Feb. 16, 1978.

Emerson Stone, Jr., Stone & Stone, Jacksonville, for appellant.

William M. Holland, Rusk, for appellee.

McKAY, Justice.

This is a will contest case where the appellant Willard Wysick contested the provisions of the will of his deceased wife, Flarrie Smith Wysick. The will left him no part of her estate.

The case was tried before a jury which found in two special issues that the decedent had testamentary capacity, and that the decedent had not been unduly influenced at the time she signed her will. The court accordingly entered judgment that the will be admitted to probate.

Appellant married decedent on October 13, 1937. No child was ever born to them or adopted by them at any time. Mrs. Wysick had one marriage prior to her marriage to appellant, and there was no child born to that union or adopted by them.

The evidence is in dispute as to the circumstances of the Wysicks' marriage. However, some facts are undisputed. The couple lived apart during much of the marriage. Decedent had returned to the Ponta, Texas area around 1947 in order to, along with her sister, Laura Smith Davis, care for her parents. Beginning in 1946 appellant maintained his residence in New Orleans, with intermittent visits to the Ponta area. The decedent's parents died in 1957 and 1958.

The will in question was dated July 23, 1974, and was executed by the decedent while in her hospital bed, seriously ill, in Jacksonville. The decedent died on January 16, 1975, less than six months after the execution of her will. Through her will the decedent devised the principal portion of her estate to her two nephews, the children of Laura Smith Davis, with the balance bequeathed to that same sister and a brother.

Appellant's sole point of error complains of the trial court's failure to submit an explanatory instruction as to the meaning of the phrase "her next of kin and the natural objects of her bounty and their claims upon her and to perceive the relationship between these elements and form a reasonable judgment as to them."

The trial court's instruction to the jury on testamentary capacity, in pertinent part, is as follows:

"By the term 'testamentary capacity' as used herein is meant that the person making the will must, at the time she signed the will, have sufficient mental capacity to understand the effect of making a will, to know the general nature and extent of her property, to know her next of kin and the natural objects of her bounty and their claims upon her and to perceive the relationship between these elements and form a reasonable judgment as to them. . . ."

Appellant requested the jury be additionally instructed as follows:

"You are instructed that the term 'her next of kin and the natural objects of her bounty' means her descendants, if any, her parents, if any, and her surviving spouse, if any. Her nephews, nieces, brothers, and sisters and all other collateral heirs are not natural or normal objects of her bounty because of such relationship alone, and further that ordinarily the 'natural objects of Testatrix's bounty' are those who, in the absence of a will, would inherit her property, but the question of who comes within the range of Testatrix's bounty depends upon the facts and circumstances surrounding the Testatrix."

The court refused to give appellant's requested instruction.

After the jury had deliberated 2 hours and 5 minutes, they requested, by a note, the court to explain the term "natural objects of her bounty and their claims upon her reasonable judgment." The court refused to give any further instructions, despite another request by appellant to submit that instruction which had been previously requested and refused.

Appellant contends that the phrase as used in the court's charge is not one of ordinary meaning that a jury can understand and uniformly apply in responding to the special issue submitted to them, and refusal to submit the requested instruction was such a denial of the rights of the contestant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. We disagree.

We are of the opinion that the definition of testamentary capacity as given in the court's charge is substantially the same as has been previously approved in the courts of this state. See *Prather v. McClelland,* 76 Tex. 574, 13 S.W. 543, 547 (1890); *Rutherford v. Robbins,* 298 S.W. 549 (Tex.Comm. App.1927, holding approved); *Nass v. Nass,* 224 S.W.2d 280, 283 (Tex.Civ.App.–Galveston 1949), and cases there cited, affirmed, 149 Tex. 41, 228 S.W.2d 130; *Reding v. Eaton,* 551 S.W.2d 491 (Tex.Civ.App.–Austin 1977, no writ); *Bettis v. Bettis,* 518 S.W.2d 396 (Tex.Civ.App.–Austin 1975, writ ref'd n. r. e.); *Montgomery v. Willbanks,* 202 S.W.2d 851, 854 (Tex.Civ.App.–Fort Worth 1947, writ ref'd n. r. e.). Therefore, in our opinion the trial court committed no error in failing to submit appellant's additional requested instruction. Appellant's point of error is overruled.

Judgment of the trial court is affirmed.