MELODY HOME MANUFACTURING COMPANY, Appellant,

v.

D. P. BURKETT, Appellee.

No. 6913.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1967.

Rehearing Denied Oct. 4, 1967.

W. G. Walley, Jr., Beaumont, for appellant.

Jack R. King, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from an order overruling a plea of privilege. Plaintiff brought this suit to rescind a contract under which he purchased a mobile home. Defendants were Marvin W. Crabtree and wife, d/b/a College Court Trailer Sales, hereinafter called "defendant Crabtree" and Melody Home Manufacturing Company, a corporation, hereinafter called "defendant Melody Home".

Defendant Melody Home filed a plea of privilege to be sued in Tarrant County, its residence and principal office. Plaintiff filed a controverting plea relying upon Sections 4, 23 and 29a of Article 1995, Vernon's Ann.Civ.St., to sustain venue in Jefferson County. Defendants Crabtree filed no plea of privilege and are not parties to this appeal.

Section 4 provides in part: "If two or more defendants reside in different coun-

ties, suit may be brought in any county where one of the defendants reside,".

■ The law in this state is clear, that in order to retain jurisdiction against a nonresident defendant (over his protest) within the provisions of Section 4, a plaintiff must allege a cause of action which is joint, and introduce proof that shows that the subject cause of action actually exists against the resident defendant—or, if the causes are not joint but only related, he must "show" that the causes of action are so closely or intimately connected that it is necessary that they be tried together in order that a multiplicity of suits be avoided. Fitts v. Calvert, Tex.Civ.App., 374 S.W.2d 274; Kasishke v. Ekern, Tex.Civ.App., 278 S.W.2d 274 (and cases cited).

In his controverting plea, plaintiff made the following allegations:

"2. This suit is brought by the Plaintiff, D. P. Burkett, for the purpose of rescinding the contract under which the said D. P. Burkett purchased a mobile home from Marvin W. Crabtree and Vera Crabtree, D/B/A College Court Trailer Sales, which mobile home was manufactured by the Melody Home Manufacturing Company. This suit for recision is based on the faulty workmanship and defective materials used and applied in the construction of said mobile home.

"3. That said Plaintiff, D. P. Burkett, by his first Amended Original Petition has included Melody Home Manufacturing Company as a Defendant and alleges in said Amended Petition that Marvin W. Crabtree and Vera Crabtree, D/B/A College Court Trailer Sales and Melody Home Manufacturing Company are all equally liable to said Plaintiff for any damages incurred by the Plaintiff by reason of the said Melody Home Manufacturing Company constructing the defective mobile home and the said Marvin W. Crabtree and Vera Crabtree, D/B/A College Court Trailer Sales, selling a faulty and defective mobile home to said Plaintiff.

"4. Plaintiff, D. P. Burkett, alleges that Marvin W. Crabtree and Vera Crabtree, D/B/A College Court Trailer Sales, Defendants in the above entitled and numbered cause, are residents of Jefferson County, Texas, and at all times material hereto, to-wit: At the time the trailer was sold to the Plaintiff, D. P. Burkett, and at the date of the filing of this suit, were the agents and representatives of the Defendant, Melody Home Manufacturing Company. That Marvin W. Crabtree and Vera Crabtree, D/B/A College Court Trailer Sales and Melody Home Manufacturing Company, a corporation who has its principal office in Tarrant County, Texas, and who, on the date of this suit and at all times material thereto, maintained Marvin W. Crabtree and Vera Crabtree, D/B/A College Court Trailer Sales, as an agent and representative for the purpose of selling trailers and mobile homes in Beaumont, Jefferson County, Texas, and they are all proper and necessary parties to this cause of action.

"5. The Plaintiff alleges that this Court has venue of this cause of action and of the Parties Defendant herein under the provisions of Sub-Division 4, Sub-Division 23 and Sub-Division 29a of Article 1995, Revised Civil Statutes of Texas and that by virtue of said Statutes the exclusive venue of this suit is in Jefferson County, Texas."

In plaintiff's amended petition it is prayed that plaintiff have judgment rescinding the contract and that he have judgment against the defendans, jointly and severally, in the sum of $5,843.00 and for other and further relief. Plaintiff alleged a joint action against both defendants, so we must next examine the record to determine whether or not plaintiff introduced proof to show that the subject cause of action actually existed against the resident defendant.

Sidney King was called as a witness and testified as follows: He was a practicing attorney in Jefferson County. He represented the defendants Crabtree. The Crabtrees resided in Beaumont, Jefferson County, Texas. They are engaged in the mobile home trailer business on College Street. That they maintained agency and sold trailers manufactured by Melody Home Manufacturing Company about the year of January, 1966. That he was aware that the basis of the suit filed on behalf of the plaintiff in the rescinding of the contract is for the quality of workmanship and material that was contained in the trailer delivered to them. That he saw this trailer and evidenced the faulty workmanship. The trailer was labeled as a Melody Home Trailer. Based upon his inspection of the trailer and the faulty workmanship, the plaintiffs have a prima facie case at least that has venue in Jefferson County. No other witness gave testimony.

There is no evidence in the record that the trailer mentioned in the testimony was sold or delivered by the defendants Crabtree to plaintiff. There is no evidence of either a written or oral contract executed by plaintiff and defendants Crabtree, which could be the basis of an action for rescission. Therefore, no cause of action against defendants Crabtree was proved by the evidence, and venue could not be maintained under Section 4, Article 1995, V.A.C.S.

We next look at the record to see if venue can be maintained under Section 23, Article 1995, V.A.C.S. There is no evidence that defendant Melody Home had its principal office in Jefferson County, or that any part of the cause of the action arose in Jefferson County, as there is no evidence as to where the mobile home was sold or delivered or where the contract of sale was made, if there was one. Also, there is no evidence as to where the plaintiff resided at the time the cause of action arose and whether defendant Melody Home had an agency or representative in such county.

Therefore, venue could not be maintained under Section 23, Article 1995, V.A.C.S.

It is admitted by plaintiff that Section 29a, Article 1995, V.A.C.S., must always be considered in conjuction with some other exception under Article 1995. There being no evidence to support the order of the court overruling this plea of privilege, this order must be reversed.

It appearing that this case was not fully developed on the hearing of the plea of privilege, in the interest of justice, the case will be remanded for a new trial.

Reversed and remanded.