Marvin W. **CRABTREE** and Vera Crabtree, d/b/a College Court Trailer Sales, Appellants,

v.

D. P. **BURKETT**, Appellee.

No. 7132.

Court of Civil Appeals of Texas, Beaumont.

Jan. 15, 1970.

Sidney A. King, R. E. McDaniel, Beaumont, for appellants.

Jack R. King, Beaumont, for appellee.

KEITH, Justice.

This small case with some large difficulties appears before us for the third time.[1] We do not restate more of the facts than

---

[1]. The appeal from the order sustaining a plea of privilege was reversed by this court with an opinion reported in 418 S. W.2d 906, sub-nom. Melody Home Manu- facturing Co. v. Burkett. An appeal on the merits is reported in 433 S.W.2d 9. Neither case has a writ history.

necessary to bring into focus the legal questions presented. Upon the first trial upon the merits, plaintiff proceeded to judgment upon his theory of rescission, and, as we said on the appeal from that judgment, "elected to abandon the suit for damages." (433 S.W.2d at p. 10.) Following reversal of the judgment for rescission of the contract, plaintiff amended and sought to recover damages for breach of the contract. Upon the second trial he "elected" to proceed to judgment and recovered damages for breach of the contract, tendering no issues on rescission.

This time, he was joined by the Carpenters Credit Union, *as a plaintiff,* although the Credit Union did not seek any affirmative relief on either theory urged by Burkett, nor did it allege any facts which would entitle it to judgment against the defendants. The court submitted the case to the jury upon special issues which we now summarize: (A) plaintiff "ordered" the mobile home from defendants; (1) who represented that it would be of equal quality to that displayed to plaintiff; (2) defendants intended for plaintiff to rely upon such representation; (3) plaintiff did rely thereon; (4) the mobile home was "not of equal quality" as that displayed by defendants; (5) in relying upon the defendants' representation, plaintiff sustained damages; (6) which amounted to $1,250.00, the damages being the reasonable costs of necessary and reasonable repairs to put the mobile home in the condition as represented by defendants; (6–A) as represented by defendants to plaintiffs, the mobile home would have had a fair market value of $6,200.00; (6–B) but, as delivered, its market value was $4,950.00; (7) Carpenters Credit Union failed to commence and prosecute a suit for damages within two years after the sale; (8) failed to find that Burkett failed to commence and prosecute "a suit for damages" within two years after the sale; and (9) defendants were not acting as general agents for Melody Home Manufacturing Co.

Defendants' motion for judgment non obstante veredicto having been overruled, judgment was entered on the verdict in favor of plaintiff for $1,250.00, denying any recovery to the Carpenters Credit Union, and adjudicating the right of defendants to certain household furniture not specifically described, with the right to have the necessary writs and process issue to enforce the judgment as against such specific items of personal property. The defendants have duly appealed and assign some thirty-five assignments of error, many of which we do not mention specifically although all have been considered.

■ Defendants contend that it was error for the trial court to overrule their special exception which would have required plaintiff to allege whether the contract was oral or in writing. Defendants argue that this was a necessary predicate for their invocation of the two-year Statute of Limitations if the contract was oral. Notwithstanding the ruling of the court, defendants did in fact plead the two-year statute and in one of their subsequent points contend that judgment should be reversed for the failure to enter judgment for defendants based thereon.

This was the third hearing on the case and the second trial on the merits. It is difficult to see how defendants can contend seriously that they were prejudiced by the action of the trial court in overruling the exception, and we find no error. Panola Motor Co. v. Corbin, 253 S.W.2d 688, 691 (Ft. Worth Tex.Civ.App., 1952, error ref.); Rule 434, Texas Rules of Civil Procedure.

■ Defendants' points complaining of the failure of the trial court to sustain the special exceptions relating to the inclusion of the Carpenters Credit Union and to Burkett's allegations of fraud have likewise been examined and found to be without merit. Rule 434, T.R.C.P. Points one, two, and three are overruled.

By a series of points defendants claim that judgment should have been entered in their favor either by granting their motion for peremptory instruction or upon motion non obstante veredicto. Defendants contend that the plaintiff judicially abandoned his claim for damages when he went to trial on the theory of rescission. It is then argued that his amendment following reversal amounted to an original pleading of a cause of action sounding in damages which was barred by the two-year Statute of Limitations. All of Burkett's pleadings are in our record and an examination thereof discloses that his pleading upon each trial contained the dual and alternative type pleas, i.e., damages for breach, or alternatively, for rescission. Defendants must prevail, if they can, upon the theory that when Burkett went to the jury on the theory of rescission on the first trial, he judicially abandoned his claim for damages for breach of contract. Thus, defendants argue, there was nothing to toll the Statute of Limitations until the new pleading was filed after reversal, more than two years after the accrual of the cause of action.

■■■ The cases relied upon by defendants[2] are not too helpful since the pleading in each case is completely different from that which we have before us. Then too, except for *Berry,* the cases were decided before the adoption of Article 5539b, Vernon's Ann.Civ.St., in 1931; and, as to *Berry,* the amended statute is not mentioned by the court.[3] Clearly, defendants' position is untenable under the statute, unless the election in the first trial amounted to an abandonment, *as a matter of law,* of the alternative count for damages for breach of contract. At the outset, we note that the doctrine of election of remedies is not a favorite of equity and that its scope should not be extended. Slay v. Burnett Trust, 143 Tex. 621, 187 S.W.2d 377, 393 (1945). Rule 48, T.R.C.P., clearly permits alternative pleading such as found in our case. Hargrove v. Trinity Universal Ins. Co., 152 Tex. 243, 256 S.W. 2d 73 (1953), and Lone Star Mining Co. v. Texeramics, Inc., 363 S.W.2d 868, 870 (Eastland Tex.Civ.App., 1962, error ref. n. r. e.).

In the prior appeal upon the merits of the cause wherein Burkett's judgment for rescission was reversed, we commented: "Plaintiff's judgment for rescission rests on breach of contract. Plaintiff is relegated to his remedy of damages." (433 S.W. 2d at 12.) Upon the record then before us, we reversed the judgment and remanded the cause to the trial court "for another trial" after holding that Burkett could not recover under the theory of rescission. At that time, October 3, 1963, more than two years had elapsed after the accrual of Burkett's cause of action, if any, for damages for the breach of the contract. We remanded the case for a new trial upon the only issue left in the case—damages.

■■ When we take into consideration the provisions of Rule 48, T.R.C.P., and Article 5539b, V.A.C.S., along with the action of this court on the prior appeal (the law of the case),[4] it was not error for the trial court to submit the cause upon theory of damages. Defendants' points complaining of such action are all overruled.

2. Shirley v. Waco Tap Ry. Co., 78 Tex. 131, 10 S.W. 543, 552 (1889); Berry v. Humble Oil & Ref. Co., 205 S.W.2d 376, 386 (Waco Tex.Civ.App., 1947, no writ); and Hanner v. Summerhill, 7 Tex.Civ. App. 235, 26 S.W. 906, 908 (1894, error ref.).

3. For comment upon the cases decided before the 1931 amendment of Article 5539b, see Leonard v. Texaco, Inc., 422 S.W.2d 160, 162–163 (Tex.Sup., 1967).

4. For the doctrine of the law of the case see: Frankland v. Cassaday, 62 Tex. 418, 420 (1884); Green v. Priddy, 112 Tex. 567, 250 S.W. 656, 659 (1923); 5B C.J.S. Appeal & Error § 1964 d, p. 570; 5 Am.Jur.2d, Appeal & Error § 748, p. 191; 4 Tex.Jur.2d, Appeal & Error § 1011, p. 701; Waddell v. Empire Drilling Co., 358 S.W.2d 221, 223 (Eastland Tex. Civ.App., 1962, error ref. n. r. e.).

Defendants complain of the sufficiency of the evidence to support the finding of the jury on damages ($1,250.00), raising the no evidence, insufficient evidence, and greater weight and preponderance complaints by appropriate points. After reviewing the evidence under the accepted standards [In re Kings Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951)], the several points are overruled. Plaintiff's witness, Seal, probably was generous in his cost of repairs, his estimate approximating $5,800.00. Defendants' witness, Hoosier, probably was conservative, fixing the cost of repairs at approximately $500.00. Both witnesses were qualified to testify and their opinions were properly received by the court and considered by the jury. Broussard v. Moon, 431 S.W.2d 534, 537 (Tex.Sup., 1968); Nass v. Nass, 149 Tex. 41, 228 S.W.2d 130 (1950); Coxson v. Atlanta Life Ins. Co., 142 Tex. 544, 179 S.W.2d 943 (1944); Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62 (1945). These points are overruled.

Defendants have a series of points complaining of the action of the court upon their exceptions to the charge. These points are extremely general, lack adequate record references, and evidence a careless treatment of the rules relating to the briefing of cases. Rule 418, T.R.C.P. While we are committed to the liberal interpretation of the rules of briefing as admonished by Rule 422, T.R.C.P., and Fambrough v. Wagley, 140 Tex. 577, 169 S.W. 2d 478, 482 (1943), nevertheless we are not required to search out error—counsel should point up his complaint with specificity. Nevertheless, we have examined the points assailing the charge and do not find prejudicial error was committed. The points are overruled. Rule 434, T.R.C.P.

It will be recalled that the jury found that the mobile home, as represented by the defendants, was of the value of $6,200.00 which, coincidentally, was the exact agreed price thereof as contracted by the parties. Plaintiff paid $500.00 "down," apparently in cash at the time the order was placed, and signed a note for the balance, which was subsequently assigned to the Carpenters Credit Union. He was to deliver certain furniture to plaintiff as the remainder of the down payment upon receipt of the mobile home. Being interrogated by his counsel, plaintiff testified as follows:

"Q. Now, you were supposed to, when this deal was confirmated [sic], deliver to her [Mrs. Crabtree] certain items of furniture, is that right?

"A. Yes.

"Q. And, *that was valued at what price?*

"A. Five-hundred dollars.[5]

"Q. Have you ever delivered this furniture to her?

"A. No, sir.

"Q. And, did you dispose of some of this furniture?

"A. Yes, sir, we sold a bedroom suit, I believe.

"Q. Did you talk to Mrs. Crabtree about it when you sold it?

"A. She told us to go ahead and sell it if we could sell it." (Emphasis supplied.)

Without any pleading of offset, claim of indebtedness, or otherwise, the court included in its judgment the following adjudication:

"It being a find [sic] of the Court that there are certain items of furniture consisting of Two (2) bedroom suits, One (1) dinning [sic] room suit and one (1) refrigerator that were to be traded to Defendant Crabtree by Plaintiff Burkett and that one (1) of the bedroom suits

---

5. This testimony is a clear admission under Justice Walker's rationale in Gevinson v. Manhattan Construction Company of Oklahoma, 449 S.W.2d 458 (Tex., Dec. 31, 1969).

had been sold by Burkett with permission of Crabtree for the sum of NINETY ($40.00). [sic] DOLLARS.

"It is therefore, further ORDERED, ADJUDGED and DECREED that the Defendants have judgment against the Plaintiff, D. P. Burkett, for one (1) bedroom suit, one (1) dinning [sic] room suit and one (1) refrigerator and the sum of NINETY ($90.00) DOLLARS received from the sale of said bedroom suit; for which said Defendants are entitled to have execution, sequestration and all such other writs and processes necessary to collect this Judgment, as often as necessary to satisfy same."

■ Plaintiff adduced the testimony upon which the quoted portion of the judgment is based notwithstanding the fact that the defendants had not sought in their pleadings to offset the agreed value of the furniture against any possible judgment for damages. Plaintiff makes no complaint of the action of the court in so rendering the judgment quoted. Thus, it is clear that the issue was tried by consent. Rule 67, T.R.C.P.; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562, 563 (1943); Sherman v. Provident American Insurance Co., 421 S.W.2d 652, 654 (Tex.Sup., 1967). Cf., Shield Co. v. Cartwright, 142 Tex. 324, 177 S.W.2d 954, 957 (1944).

Defendants challenge this facet of the judgment by asserting that the judgment is excessive by $500.00, such being the agreed value of the furniture which was to be traded in by Burkett. Complaint is also made that the judgment inadequately describes the furniture so that defendants would be hampered in their efforts to seize the particular furniture under process. As to the latter complaint, however, we are not favored with citation of authorities; but, in view of our disposition of the cause, the point becomes immaterial.

■ Part of the payment Burkett was to make toward the agreed value of the mobile home ($6,200.00) was the delivery of furniture of the agreed value of $500.00. Insofar as our record shows, he still has the home *and* the furniture, except for one bedroom suit which he sold and he retains the money received therefor. He did not tender the furniture to the defendants upon the trial. In our opinion, the trial court should have offset the sum of $500.00 (the agreed value of the furniture at the time of the making of the original contract) against the damages awarded to the plaintiff for the breach of contract. Thus the judgment should have been limited to the sum of $750.00. In failing so to do, the trial court erred.

Having found error in the judgment requiring modification thereof, we are required by Rule 435, T.R.C.P., "to render such judgment or decree against the appellant as should have been rendered by the court below." This we proceed to do: The judgment in favor of the plaintiff is here and now modified so as to provide that the plaintiff shall recover of and from the defendants the sum of $750.00 together with interest at the lawful rate from the date of the judgment in the trial court.

■ Defendants complain of the assessment of all of the costs against them even though the Carpenters Credit Union did not prevail as a party. We find it unnecessary to pass directly upon this point since the adjudication of costs is, ordinarily, within the discretion of the trial court. Rule 131, T.R.C.P.; Rubin v. Adams, 368 S.W.2d 42, 45 (Amarillo Tex.Civ.App., 1963, error ref. n.r.e.).

We have considered all of the defendants' points, although some are not mentioned specifically herein; and finding no merit therein, the same are hereby overruled.

We come now to the troublesome question of the adjudication of the costs in this appeal, aggregating in excess of six hundred dollars. Acting under the authority conferred by Rule 448, T.R.C.P., we find and order that an apportionment of

costs in the proportion of two-thirds as against defendants and one-third against the plaintiff is fair and equitable. It is so ordered.

Perhaps it may be said that our judgment in this cause is based upon the doctrine of rusticum judicum; but, upon the basis of the record as a whole, we are of the opinion that it approximates substantial justice to both parties. Further, in the interest of all concerned, including the courts of this area, this minor cause celebre should be terminated; and, insofar as it is within our authority so to do, it is now ended.

Modified and affirmed.