MEMORANDUM OPINION

 

No. 04-10-00551-CV

 

Hidden Forest Homeowners Association,

Appellant

 

v.

 

James K. HERN,

Appellee

 

From the 224th
Judicial District Court, Bexar County, Texas

Trial Court No. 2008-CI-09929

Honorable Martha
Tanner, Judge Presiding

 

Opinion by:   Phylis J. Speedlin, Justice

 

Sitting:                     Phylis J. Speedlin, Justice

                     Rebecca
Simmons, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed:  June 8, 2011

 

AFFIRMED

 

Hidden Forest Homeowners
Association challenges the trial court’s judgment rendered in favor of James K.
Hern.  We affirm the judgment of the trial court.

Background

Hern owns a home located
in the Hidden Forest subdivision.  The subdivision is governed by the Hidden
Forest Homeowners Association (“Hidden Forest”), which was formed pursuant to
the Amended Declaration of Covenants, Conditions and Restrictions of Hidden Forest
(“Declaration”); the Declaration obligates homeowners to pay semiannual
assessments.  In late 2006, Hern, expecting to be in the United Kingdom for
most of 2007, attempted to prepay his 2007 and 2008 assessments, which amounted
to approximately $115 every six months.  Hidden Forest declined to accept
payment for amounts not yet due and owing at that time.  Several written
notices of delinquency were mailed to Hern.

Hidden Forest referred
the matter to attorney Tom L. Newton, Jr. for collection.  In January 2008,
Newton sent a demand letter to Hern’s home while he was out of the country.  In
April 2008, Hidden Forest placed a lien on Hern’s home pursuant to a Notice of
Assessment of Lien, asserting $907.65 as the lien amount ($407.65 in
assessments and late fees and $500 in attorney’s fees and expenses).  Two
months later, Hidden Forest filed suit against Hern, seeking foreclosure on its
lien as well as monetary damages, including unpaid assessments, interest, and
attorney’s fees.  The petition did not assert the amount of the assessments
past-due or the attorney’s fees sought, but the accompanying discovery asked
Hern to admit that unpaid assessments totaled $425.94 and that $1,500 was a
reasonable and necessary amount of attorney’s fees.  

After being served with
the lawsuit, Hern attempted to pay Hidden Forest $500 in attorney’s fees, in
addition to court costs and assessments.  Hidden Forest refused his offer, and
directed Hern to communicate with their attorney.  Believing $1,500 to be an
unreasonable amount of attorney’s fees,[1]
Hern then offered $900 to settle the claim; Hidden Forest again declined Hern’s
offer.  Failing to resolve the entire claim, Hern also attempted to pay just
the assessments that were undisputedly past-due, but Hidden Forest would not
accept his money, and instead continued to charge Hern monthly late fees.[2]  Hidden Forest also suspended Hern’s
right to vote and to use the common areas and facilities, such as the pool and
tennis courts.

Frustrated by the
situation, Hern hired an attorney and filed an answer and counterclaim.  Hern
admitted that he failed to pay his 2007 assessments, but denied that the
attorney’s fees and costs asserted by Hidden Forest were reasonable.  Hern
sought damages for unreasonable collection practices; Hern also alleged that
Hidden Forest had violated its own Declaration by both suing for foreclosure of
Hern’s property and seeking a personal judgment against Hern.  In August 2009,
Hern also placed $1,750 into the registry of the court, seeking a declaration “as
to how much of said amount, if any, is reasonably owed to [Hidden Forest] by
[Hern] after all lawful offsets” and as a gesture to show that he was not
refusing to pay the 2007 assessments and reasonable attorney’s fees.  Hidden
Forest also rejected the tender of this money.

At trial, Becky Bowholtz,
the former office manager of Hidden Forest, and Alan Cooper, the President of
Hidden Forest, testified, as did Hern.  Additionally, counsel for both parties
testified regarding attorney’s fees.  Billing records introduced by Newton
showed $228 worth of time for his actual attorney’s fees as of late April 2008
when the lawsuit was filed.  Nevertheless, Hidden Forest sought $25,000 in
attorney’s fees through trial, which was held two years later.  The case was submitted
to the jury, who found that Hern breached the Declaration’s covenants and
restrictions by failing to pay assessments.  The jury found that $946.71 would
compensate Hidden Forest for its damages resulting from Hern’s failure to pay
assessments that had accrued up to the time of trial and that $728.00 was a
reasonable amount of attorney’s fees for Hidden Forest.  As to Hern’s
counterclaims, the jury found that Hidden Forest engaged in unreasonable
collection practices and breached their own covenants.  The jury further found
that Hern’s counsel was entitled to $11,000 in attorney’s fees through trial
and that $11,000 would compensate Hern for his damages proximately caused by
Hidden Forest’s unreasonable collection practices.  Hern elected to recover
based on Hidden Forest’s breach of its own restrictive covenants.  The trial
court rendered a final judgment offsetting the damages awarded to Hidden Forest
against the damages awarded to Hern, rendering judgment in Hern’s favor in the
amount of $9,325.29, plus court costs, post-judgment interest, and conditional
attorney’s fees in the event of an appeal.  The judgment also denied an order
of foreclosure and ordered Hidden Forest to release the lien filed against
Hern’s property within seven days of judgment becoming final.  Hidden Forest
timely appealed.  

Discussion

On appeal, Hidden Forest
challenges the trial court’s judgment on four grounds, contending the trial
court erred in rendering judgment on Hern’s counterclaims of unreasonable debt
collection and breach of restrictive covenants.  Hidden Forest also complains
of the admission of settlement offers made by Hern, and of the jury’s finding
on the amount of reasonable attorney’s fees.

Hern’s
Counterclaim: Hidden Forest’s Breach of Restrictive Covenants

We first address Hidden
Forest’s argument that the trial court erred in rendering judgment in favor of
Hern on a claim for breach of Hidden Forest’s own restrictive covenants[3] because (1) this cause of action was
neither pleaded nor tried by consent, and (2) there was no evidence that Hidden
Forest breached the restrictive covenants.  Hern’s live pleading at trial was
“Defendant’s Second Amended Answer and Counterclaim.”  Hidden Forest complains
that although Hern stated in paragraph 9 that, “Plaintiff has violated its own
restrictions in suing for foreclosure of Hern’s home and seeking a personal
judgment against Defendant Hern”, this statement was not alleged as a separate
cause of action and was made “in the context of a host of facts alleged by Hern
to be part of the common law tort of unreasonable collection practices.” 
Hidden Forest, however, did not specially except to Hern’s pleadings.  See
Tex. R. Civ. P. 90.  In the
absence of special exceptions, a petition should be construed liberally in
favor of the pleader.  Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d
887, 897 (Tex. 2000).  We therefore hold that in the absence of special
exceptions, Hern pleaded information specific enough to provide Hidden Forest
with notice of the causes of action for which Hern sought relief.  See id.
at 896-97 (holding Texas follows “fair notice” standard for pleading, which
looks to whether the opposing party can ascertain from pleading nature and
basic issues in controversy and what testimony will be relevant); see also
Roark v. Allen, 633 S.W.2d 804, 809-10 (Tex. 1982).  

Alternatively, Hidden
Forest contends that even if Hern had properly pleaded a cause of action for
breach of restrictive covenants against Hidden Forest, there is no evidence to
establish that Hidden Forest breached its own covenants.  An appellant
challenging the legal sufficiency of the evidence to support a finding on an
issue for which it did not have the burden of proof must show that there is no
evidence to support the finding.  Croucher v. Croucher, 660 S.W.2d 55,
58 (Tex. 1983).  When reviewing a legal sufficiency challenge, we determine
“whether the evidence at trial would enable reasonable and fair-minded people
to reach the verdict under review.”  City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005).  We view the evidence in the light favorable to
the verdict, crediting favorable evidence if reasonable jurors could and
disregarding contrary evidence unless reasonable jurors could not.  Id.  Appellate
courts will sustain a legal sufficiency or “no evidence” challenge when: (a)
there is a complete absence of evidence of a vital fact; (b) the court is
barred by rules of law or of evidence from giving weight to the only evidence offered
to prove a vital fact; (c) the evidence offered to prove a vital fact is no
more than a mere scintilla; or (d) the evidence conclusively establishes the
opposite of the vital fact.  Merrell
Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). 

In reviewing the factual
sufficiency of the evidence on an issue on which the appellant did not have the
burden of proof, we will consider and weigh all of the evidence in the record,
and cannot set aside the judgment unless the evidence in support of the finding
is so weak that the judgment is clearly wrong and manifestly unjust.  Cain
v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

Hidden Forest denies that
the Declaration prohibits it from seeking both a foreclosure judgment and a
personal judgment against a delinquent owner.  We disagree.  Section 8 of
Article IV (titled “Covenant for Maintenance Assessments”) of the Declaration
provides that “[t]he Association may bring an action at law against the Owner
personally obligated to pay the same, or foreclose the lien against the
property.”  (emphasis added).  Similarly, Hidden Forest’s Bylaws state that the
Board of Directors has a duty to “foreclose the lien against any property for
which assessments are not paid within thirty (30) days after due date or
to bring an action at law against the owner personally obligated to pay the
same.”  (emphasis added).  Accordingly, the Declaration does not by its own
terms permit Hidden Forest to seek multiple forms of relief when pursuing
non-payment of assessments.  Hidden Forest’s petition was admitted into
evidence without objection when proffered to show that both forms of relief
were sought in violation of Hidden Forest’s own covenants.  Additionally, both
Bowholtz and Cooper agreed that Hidden Forest should be expected to follow its
own covenants and restrictions.  Because there is more than a scintilla of
evidence in the record that Hidden Forest’s lawsuit impermissibly sought both a
personal judgment against Hern and foreclosure of the lien in violation of the
Declaration, the trial court did not err in permitting recovery on this cause
of action.  

Hidden Forest
alternatively maintains that, regardless of the Declaration’s prohibition
against seeking foreclosure and a monetary judgment, it is permitted to assert
alternative claims for relief pursuant to Rule 48 of the Texas Rules of Civil
Procedure.  See Tex. R. Civ. P.
48.[4]  We do not agree that Rule 48 is
applicable here.  First, Hidden Forest did not plead in the alternative, but
specifically sought both foreclosure of the lien and a personal judgment
against Hern.  Second, Rule 48 contemplates the availability of alternative
claims, i.e., seeking rescission of a contract and alternatively suing for
damages for breach of contract.  See Crabtree v. Burkett, 450 S.W.2d
728, 731 (Tex. Civ. App.—Beaumont 1970, no writ).  Here, Hidden Forest’s own
restrictive covenants limit its power to seek conjunctive relief.  We overrule
Hidden Forest’s second issue.  Based upon our resolution of this issue, we do
not address Hidden Forest’s first issue, in which it argues the trial court
erred in rendering judgment on Hern’s counterclaim of unreasonable debt
collection practices.  See Tex.
R. App. P. 47.1 (requiring court of appeals to hand down opinion that is
as brief as practicable but that addresses every issue necessary to final
disposition of appeal).  

Settlement Offer and Tender of Payment

Next, Hidden Forest
contends the trial court erred by admitting evidence of a settlement offer made
by Hern in violation of Rule 408, and that Hern improperly deposited money into
the registry of the court.  See Tex.
R. Evid. 408.[5] 
Rule 408’s prohibition on the admission into evidence of offers of settlement,
however, does not require exclusion of evidence when offered for a purpose
other than that of proving liability for or invalidity of a claim or its
amount.  Barrett v. U.S. Brass Corp., 864 S.W.2d 606, 633 (Tex.
App.—Houston [1st Dist.] 1993), rev’d on other grounds sub nom Amstadt v.
U.S. Brass Corp., 919 S.W.2d 644 (Tex. 1996).  The burden is on the party
objecting to the evidence to show that it was offered as part of settlement
negotiations and not offered for another purpose.  TCA Bldg. Co. v.
Northwestern Resources Co., 922 S.W.2d 629, 636 (Tex. App.—Waco 1996, writ
denied).  In deciding whether the evidence is being impermissibly offered as
evidence of a settlement offer or whether it is being offered for some other
valid reason, the trial court may properly exercise its discretion.  Id. 
Here, the $900 settlement offer made by Hern was offered to show that Hern
attempted to pay his overdue assessments and late fees, as well as reasonable
attorney’s fees.  Thus, we cannot conclude the trial court abused its
discretion in admitting evidence of the $900 settlement offer.  Moreover, the
same evidence was admitted earlier during the trial without objection by Hidden
Forest.  Bowholtz testified without objection that Hern told her he had offered
Newton $900 to resolve the situation.  Accordingly, even if the trial court had
abused its discretion in allowing testimony of the settlement offer, the issue
was not preserved for appeal where the same evidence was admitted at trial
without objection.  See Tex. R.
App. P. 33.1(a); Schwartz v. Forest Pharms., Inc., 127 S.W.3d
118, 124 (Tex. App.—Houston [1st Dist.] 2003, pet. denied) (holding that any
error in admitting evidence is cured when the same evidence comes in elsewhere
without objection).  

Hidden Forest also
contends that Hern improperly deposited money into the registry of the court
because it is not an allowable method of resolving a debt and because it was
done ex parte.  See Tex.
R. Civ. P. 21.  Hidden Forest, however, does not cite any authority in
support of its argument that it is improper to deposit money into the registry
of the court when a homeowner has admitted failure to pay his past-due
assessments.  As to the contention that the order of deposit was sought ex
parte, we conclude Hidden Forest was not harmed by any lack of notice. 
Hidden Forest was certainly made aware of the deposit at the time Hern’s
counterclaim was filed, which was well before trial.  Thus, Hidden Forest
cannot complain (nor has it done so) that it was prejudiced by Hern’s failure
to serve it with notice of the order of deposit.  We therefore hold the trial
court did not abuse its discretion in permitting testimony regarding the court
registry deposit.  Accordingly, we overrule Hidden Forest’s third issue. 

Reasonable Attorney’s
Fees

Finally, Hidden Forest
maintains that the trial court erred by not setting aside the jury’s finding on
the amount of reasonable fees for necessary services of Hidden Forest’s
attorneys, because it was against the great weight and preponderance of the
evidence.  A party challenging the factual sufficiency of a jury finding upon
which that party had the burden of proof must demonstrate that “the adverse
finding is against the great weight and preponderance of the evidence.”  Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).  We must first
examine the entire record to determine if there is some evidence to support the
finding.  Id. at 241-42.  If there is, we must then determine whether
“the finding is so contrary to the overwhelming weight and preponderance of the
evidence as to be clearly wrong and manifestly unjust, or if the great
preponderance of the evidence clearly supports its non-existence.”  W. Wendell
Hall, Hall’s Standards of Review in Texas, 42 ST. MARY’S L. J. 1, 42
(2010) (quoting Castillo v. U.S. Fire Ins. Co., 953 S.W.2d 470, 473
(Tex. App.—El Paso 1997, no writ)).  Regardless of whether the “great weight”
challenge is to a finding or a nonfinding, “[a] court of appeals may reverse
and remand a case for new trial [only] if it concludes that the jury’s ‘failure
to find’ is against the great weight and preponderance of the evidence.”  Ames
v. Ames, 776 S.W.2d 154, 158 (Tex. 1989).  

The reasonableness of
attorney’s fees is ordinarily left to the trier of fact, and a reviewing court
may not substitute its judgment for the jury’s.  Smith v. Patrick W.Y. Tam
Trust, 296 S.W.3d 545, 547 (Tex. 2009); Ragsdale v. Progressive Voters
League, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam).  Factors to be
considered in determining the amount of attorney’s fees to be awarded include
the following: (1) the time and labor required, novelty and difficulty of the
questions presented, and the skill required; (2) the likelihood that acceptance
of employment precluded other employment; (3) the fee customarily charged for
similar services; (4) the amount involved and the results obtained; (5) the
time limitations imposed by the client or the circumstances; (6) the nature and
length of the professional relationship with the client; (7) the expertise,
reputation, and ability of the lawyer performing the services; and (8) whether
the fee is fixed or contingent.  Arthur Andersen & Co. v. Perry Equip.
Corp., 945 S.W.2d 812, 818 (Tex. 1997).  “A reasonable fee is one that is
not excessive or extreme, but rather moderate or fair.”  Garcia v. Gomez,
319 S.W.3d 638, 642 (Tex. 2010).  

At trial, counsel for
both parties testified concerning attorney’s fees.  Newton, a shareholder with
Allen, Stein & Durbin, and lead counsel for Hidden Forest, testified that
his fees through trial were $25,000 based upon his training, education, and
experience, and considering the time and labor involved, novelty of question
involved, the skill required to perform the services, and the fact that the fee
arrangement with the client was a contingency fee.  Itemized billing records
for all of the attorneys and legal staff working on the case were admitted into
evidence.  Newton testified that he personally spent 75 hours on the case, his
associate spent over twelve hours on the case, and his legal assistant spent
almost 26 hours.  Newton stated that shareholder attorneys in his firm charge
$250.00 per hour, associate attorneys bill at a rate of $200.00 per hour, and
legal assistants charge $125.00 per hour.  

Counsel for Hern, Peter
L. Kilpatrick, testified that the attorney’s fees sought by Hidden Forest were
unreasonable and should amount to $0.  The jury awarded Hidden Forest $728.00
in attorney’s fees for preparation and trial, $6,250.00 in attorney’s fees for
appeal to the court of appeals, and $2,500 for appeal to the Supreme Court of
Texas.  

We recognize there was no
evidence controverting Newton’s hourly rate; however, the trier of fact is not
required to award attorney’s fees equal to those testified to at trial, even
when that testimony is uncontradicted.  See Hicks Oil & Butane Co. v.
Garza, No. 04-05-00836-CV, 2006 WL 2263896, at *4 (Tex. App.—San Antonio
Aug. 9, 2006, no pet.) (mem. op.) (affirming award of attorney’s fees that was
substantially lower than amount unequivocally testified to at trial); Inwood
N. Homeowners’ Ass’n, Inc. v. Wilkes, 813 S.W.2d 156, 157-58 (Tex.
App.—Houston [14th Dist.] 1991, no writ) (affirming award of $500 in attorney’s
fees to plaintiff who presented undisputed evidence of approximately $1,500 in
attorney’s fees where small amount in controversy was an “attendant
circumstance tending to cast suspicion on the uncontradicted evidence regarding
the attorney’s fee”).  Here, the jury was aware of the simplistic nature of
Hidden Forest’s case, which merely sought to recover assessments that Hern
admitted he had not paid.  The amount Hidden Forest sought in attorney’s fees
was more than 26 times the amount it recovered due to Hern’s failure to pay
assessments.  The jury could have rationally determined that 3.78 hours was a
reasonable amount of time to expend in legal services for this case (dividing
$728 awarded in attorney’s fees by Newton’s hourly rate of $250).  See
Travis Law Firm v. Woodson Wholesale, Inc., No. 14-07-00204-CV, 2008 WL
4647380, at *4-5 (Tex. App.—Houston [14th Dist.] Oct. 21, 2008, no pet.) (mem.
op.) (holding testimony of $50,887.89 in attorney’s fees was contradicted by
attendant circumstances, i.e., fee sought by firm was more than 84 times the
principal amount firm recovered, and affirming award of $1,500 in attorney’s
fees).  Accordingly, we hold that the jury’s award of $728 in attorney’s fees
for preparation and trial is not so against the overwhelming weight of the
evidence as to be clearly wrong and unjust.  We overrule Hidden Forest’s fourth
issue.  Based on the foregoing reasons, we affirm the trial court’s judgment.  

 

Phylis J. Speedlin, Justice









[1]
Hern asked Hidden Forest to see an itemization of attorney’s fees sought by
Newton, but neither Hidden Forest nor Newton provided such documentation until
Hern secured it via discovery.  Hern retained counsel in August 2009.  

 





[2]
Hern additionally attempted to pay his 2008 assessments (which were not
delinquent) after the lawsuit was filed, but Hidden Forest also rejected these
payments since the matter of the 2007 assessments had been referred to legal
counsel.





[3]
Hern alleged that Hidden Forest breached its own restrictive covenants by
seeking both foreclosure of Hern’s home and monetary damages.  Section 8 of
Article IV (titled “Covenant for Maintenance Assessments”) of the Declaration
provides that “[t]he Association may bring an action at law against the Owner
personally obligated to pay the same, or foreclose the lien against the
property.” 





[4]
Rule 48 provides: “A party may set forth two or more
statements of a claim or defense alternatively or hypothetically, either in one
count or defense or in separate counts or defenses. When two or more statements
are made in the alternative and one of them if made independently would be
sufficient, the pleading is not made insufficient by the insufficiency of one
or more of the alternative statements. A party may also state as many separate
claims or defenses as he has regardless of consistency and whether based upon
legal or equitable grounds or both.”  Tex. R. Civ. P.
48.  

 





[5]
Rule 408 reads: “Evidence of (1) furnishing or offering or promising to
furnish or (2) accepting or offering or promising to accept, a valuable
consideration in compromising or attempting to compromise a claim which was
disputed as to either validity or amount is not admissible to prove liability
for or invalidity of the claim or its amount. Evidence of conduct or statements
made in compromise negotiations is likewise not admissible. This rule does not
require the exclusion of any evidence otherwise discoverable merely because it
is presented in the course of compromise negotiations. This rule also does not
require exclusion when the evidence is offered for another purpose, such as
proving bias or prejudice or interest of a witness or a party, negativing a
contention of undue delay, or proving an effort to obstruct a criminal
investigation or prosecution.”  Tex. R. Evid.
408.